## FORBES v. DELTA LAND & WATER CO. et al.

No. 3549. Decided November 12, 1920. (193 Pac. 1097.)

1. COSTS—DELAY OF DEFENDANT IN APPLYING FOR SECURITY FROM NONRESIDENT PLAINTIFF DOES NOT AFFECT PRIVILEGE IF NOT PREJUDICIAL. If defendant's inexcusable delay in making demand for security for costs from a nonresident plaintiff under Comp. Laws 1917, § 7051, 7052, operates to the prejudice or disadvantage of plaintiff, the privilege or right should be denied; but, if the requirement of security will not be prejudicial nor operate to the disadvantage of plaintiff, mere lapse of time will not be held to interfere with exercise of the privilege accorded defendant by the statute, no matter at what state of the proceedings the application may be made.[1]

2. COSTS—DEFENDANT'S DEMAND FOR SECURITY FROM NONRESIDENT PLAINTIFF HELD TIMELY. Defendant's demand for security for costs from the nonresident plaintiff when made March 29, 1920, *held* clearly as to time within the right and privilege accorded

[1] *Sciutti* v. *Union Pac. Coal Co.*, 30 Utah, 462, 85 Pac. 1011, 8' Ann. Cas. 942.

defendant by Comp. Laws 1917, §§ 7051, 7052, though the action was begun January 21, 1918, and in the meanwhile had been removed by defendant from the state to the federal court and remanded back to the state court.

3. COSTS—DISMISSAL FOR NONCOMPLIANCE WITH DEMAND FOR SECURITY WHEN PLAINTIFF INDICATED IT WOULD FURNISH BOND IMPROPER. Where the nonresident plaintiff, after service with notice that defendant would move the trial court for dismissal of the action for noncompliance with defendant's demand for security for costs, desired to question and did question the right of the court to award judgment of dismissal, and indicated to the court, if it should rule against plaintiff, that plaintiff desired to furnish the security applied for, the court erred in summarily dismissing plaintiff's action before affording her opportunity to provide defendant with security bond for costs.

4. APPEAL AND ERROR—COSTS—MATTER OF DISMISSAL OF NONRESIDENT PLAINTIFF'S ACTION FOR FAILURE TO FURNISH SECURITY FOR COSTS DISCRETIONARY. The matter of dismissing the non-resident plaintiff's action for failure to furnish security for costs on defendant's application under Comp. Laws 1917, § 7052, rested in the sound discretion of the trial court, and was not to be interfered with by the Supreme Court except in case of abuse.

Appeal from District Court, Fifth District, Millard County; *D. H. Morris,* Judge.

Action by Fannie M. Forbes against the Delta Land & Water Company. From an order of dismissal, plaintiff appeals.

ORDER VACATED, and CAUSE REMANDED, with directions.

*Dey, Hoppaugh & Mark, Frank Evans,* and *Walton & Walton,* all of Salt Lake City, for appellant.

*Story & Steigmeyer,* of Salt Lake City, for respondent.

CORFMAN, C. J.

January 21, 1918, the plaintiff filed her complaint in this action against the defendants in the district court of Millard county, Utah, alleging as grounds for the recovery of a money judgment that fraudulent representations were made in the sale of certain lands and water stock.

Thereafter the defendant Delta Land & Water Company entered its appearance in the cause and gave notice that on February 11, 1918, it would petition, on the ground of diversity of citizenship, for removal of the cause to the United States District Court for the State of Nevada, for the reason that the plaintiff was a resident of the state of California and the defendant Delta Land & Water Company a resident of Nevada. In accordance with said petition, the cause was removed from the state court to the federal court, and thereafter, August 31, 1918, an order was made by the federal court remanding the cause back to the state court.

October 29, 1918, upon motion of the plaintiff, a hearing was had in the district court for Millard county upon the application of the defendant Delta Land & Water Company to strike certain allegations of the plaintiff's complaint and also upon demurrers interposed thereto by other defendants, and said motion to strike and demurrers were then denied and the defendants given 30 days' time in which to answer.

January 22, 1919, the defendants filed their answer. March 29, 1920, after service upon plaintiff's counsel, a notice was filed in the cause by the defendant Delta Land & Water Company that pursuant to the provisions of Comp. Laws 1917, §§ 7051 and 7052, defendant Delta Land & Water Company required of the plaintiff security for the costs and charges which might arise and be awarded against the plaintiff.

May 22, 1920, the defendant Delta Land & Water Company filed in the court, pursuant to the provisions of said section 7052, a motion to dismiss the plaintiff's action upon the ground of failure to furnish security for costs in compliance with the defendant's request and the provisions of the aforesaid sections of the statute.

May 29, 1920, after notice, said motion for dismissal came

on for hearing before the district court, whereupon the cause
was dismissed without prejudice.

From the order or judgment of dismissal plaintiff appeals.

The plaintiff very strenuously insists that the defendant's
demand for security for costs was not seasonably made; that,
by reason of lapse of time and the proceedings theretofore
had in the cause before a demand was made upon plaintiff,
the right or privilege of the defendant to require security
for costs under the statute was waived.

It is further contended by the plaintiff that, even if it be
found that the defendant's right to security had not been
waived, the court's dismissal of the action under all of the
circumstances attending the case, and in view of the proceed-
ings theretofore had, was premature and reversible error—
that plaintiff should have been afforded further time to com-
ply with the defendant's demand for security.

Section 7051 of our statute, under which the defendant
made demand for security, in part provides:

"When the plaintiff in an action resides out of the state, or is
a foreign corporation, security for the costs and charges which
may be awarded against such plaintiff may be required by the
defendant.   When required, all proceedings in the action must
be stayed until an undertaking executed by two or more persons
is filed with the clerk, to the effect that they will pay such costs
and charges as may be awarded against the plaintiff by judgment,
or in the progress of the action, not exceeding the sum of $300.
*   *   *"

Section 7052 provides:

"After the lapse of thirty days from the service of notice that
security is required,   *   *   *   the court or judge may order the
action to be dismissed."

It is not contended otherwise than that the plaintiff was
a nonresident when security for costs was required of her;
nor is there any contention made that a demand was not
made upon notice in conformity with statute.  The main con-
tentions of the plaintiff are, as pointed out:  First, that the
defendant's demand was not seasonably made, therefore its
right or privilege under the statute was waived; secondly,
that the dismissal of the action, after the proceedings there-

tofore had, rested in the sound discretion of the court, and that in view of the conditions and circumstances surrounding the case and the parties the court by its rulings should not have dismissed the action without first affording the plaintiff further time and opportunity to furnish the security required by the defendant.

As we view the sections of our statute under consideration, their provisions, when properly applied, are in effect most salutary. Doubtless they were designed to preserve the equality of litigants before the court in ill-founded actions brought by a nonresident plaintiff for relief or a recovery against a defendant by affording the latter an efficient means of collecting the costs that may be awarded him. It will be observed that the statute is silent as to what stage of the proceedings in the cause the defendant may exercise his right or privilege of requiring security for costs. The decisions of the American courts as to when the defendant should make application for security under statutes similar to our own are greatly at variance but all hold that the application should be seasonably made. So, too, the statutes of the several states are somewhat dissimilar in their provisions, and this accounts in a great measure for the decisions not being entirely harmonious. But aside from the dissimilarity of the statutes, the decisions have not been harmonious as to what stage of the proceedings in a cause the application may be sustained as being seasonably made. Some of the cases hold that applications for security should be made before answer, and others even before an appearance except for the special purpose of invoking the statute and requiring security. Others have held the application may be made after issues joined or at any time during the trial of the cause, provided the plaintiff is not prejudiced or the orderly procedure of the business of the court interfered with. On the other hand, the privilege may not at any stage of the proceedings of a cause be regarded as an absolute one, and, if delay in making application operates to the prejudice of the opposing party, it has been generally held the right to security has been lost. Such seems to have been the holding of this

court in the case of *Sciutti* v. *Union Pac. Coal Co.*, 30 Utah,
462, 85 Pac. 1011, 8 Ann. Cas. 942, cited and relied upon in
the plaintiff's brief. In that case this court held, in effect,
that by reason of the defendant's failure to make application
for security until after the case had been called for trial,
both parties being present and ready to proceed, and the trial
did proceed without defendant insisting upon the proceed-
ings being stayed, the defendant must be held to have waived
its privilege under the statute. As we view the decisions of
the several jurisdictions, any attempt on our part to harmo-
nize them or to lay down a fixed rule that would be control-
ling in every case in which the question of laches or the
waiver of an applicant's right to security might arise would
be a useless task. As much as can be said is that each case
must be governed and controlled according to the conditions
of the parties and the circumstances surrounding
them. If the applicant's inexcusable delay in making
demand for security operates to the prejudice or dis-
advantage of the opposing party, the privilege or right
should be denied. If the applicant's requirement of security
will not be prejudicial nor operate to the disadvantage of his
adversary, then, in the interest of common justice, mere lapse
of time ought not to be held to interfere with the exercise of
the privilege accorded by the statute, no matter at what stage
of the proceedings in a cause the application may be made.

Our attention is called by plaintiff's counsel to the text in
Corpus Juris, at pages 203, 204, 206, and 208, where the cases
from the several jurisdictions bearing on the question of
timely demand are collated and referred to in support of the
text. As we glean from these cases, the controlling factor in
determining the question, aside from express statutory pro-
visions, has generally been whether or not the application by
reason of delay has been prejudicial to the opposing party.
Our statute grants to a defendant in an action brought
against him by a nonresident plaintiff a substantial right
which in our judgment may not lightly be interfered with;
nor, so long as substantial justice may be meted out between

the parties, should it be denied. In matters of procedure our courts are expressly enjoined that—

"The Revised Statutes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and promote justice." Section 5839, Comp. Laws Utah 1917.

As we read the record in this case, the defendant's demand for security for costs when made was clearly within the right and privilege accorded it by the statute. Enforcement of the demand will leave neither party in a different position than before the demand was made, in so far as the real merits of the case and the issues involved between the parties are concerned.

It does not appear that either party has been insistent for a speedy trial of the issues, nor that any delay of a trial or interference with the orderly procedure of the court will be consequent upon the enforcement of the defendant's demand. We therefore must hold that the defendant's right to require security for costs, for the reasons assigned, was not waived, and that its demand should be complied with.

However, we are of the opinion that the district court erred in summarily dismissing plaintiff's action, under the circumstances and conditions as shown by the record, before affording her the opportunity of providing the defendant a security bond. The record shows that the plaintiff's counsel, after having been served with notice that the defendant would move the court on a day certain for a dismissal of the action on the ground of noncompliance with the defendant's demand for security for costs, desired, under the conditions and circumstances of the case and the parties, to question and did question the legal right of the court to award the defendant a judgment of dismissal. Plaintiff's counsel did not appear in person at the hearing on the motion for dismissal, but entered appearance in writing opposing defendant's motion upon the grounds stated above, and clearly, as we think, indicated to the court that in the event the court should rule against the plaintiff that the

plaintiff desired to furnish the security applied for by the defendant. Again, it appears that on the day of the hearing of defendant's application for dismissal of the action, and while the motion was still pending before the court, the court and plaintiff's counsel held a telephone conversation (counsel for plaintiff not being present in court), in which the time for furnishing security was referred to, and, although the court did not then say what his ruling might be on defendant's motion to dismiss, plaintiff's counsel did, as we think, indicate a willingness to furnish bond in the event the court ruled that defendant had not waived its right to security, but owing to the nonresidence of the plaintiff some time would have to be given to procure a bond. As to what had thus transpired between the court and plaintiff's counsel was again referred to and discussed in a colloquy between court and counsel on the settlement of the bill of exceptions which was incorporated therein and made a part thereof.

Of course, the matter of dismissing the action upon defendant's application under the provisions of section 7052 rested in the sound discretion of the trial court, and we as an appellate court will not ordinarily interfere. However, under the circumstances and conditions of this case, if the same equity principles are to be applied in affording contending parties equal opportunity before the courts, the dismissal of plaintiff's action without first affording her an opportunity to provide a bond was such an abuse of the court's discretion that in our opinion the judgment of dismissal should not be permitted to stand.

As we read the record, the plaintiff acted in perfect good faith in resisting defendant's motion for dismissal. She was entitled under the circumstances to raise the question of defendant's waiver and have it passed upon by the trial court before providing bond for security.

It is therefore ordered that the order or judgment of dismissal made and entered herein by the district court be vacated and set aside, and that the cause be remanded to the district court, with directions that the plaintiff be ordered and required to furnish bond for security of costs and charges

in compliance with the statute within 30 days after notice of such requirement; plaintiff failing in that respect, the district court to dismiss the plaintiff's action without prejudice. The parties to this action to each pay one-half of the costs on appeal.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.