272 P.2d 191

**BUNTING TRACTOR CO., Inc.**

v.

**EMMETT D. FORD CONTRACTORS, Inc.**

**No. 8131.**

Supreme Court of Utah.

July 9, 1954.

Arthur H. Nielsen, Salt Lake City, Monroe J. Paxman, Provo, for appellant.

S. E. Blackham, Provo, for respondent.

CROCKETT, Justice.

Plaintiff's action was dismissed "with prejudice" solely on the ground that it failed to file a nonresident cost bond within one month after demand as required by law. This appeal challenges such dismissal as being an abuse of discretion. We agree.

Plaintiff, an Idaho Corporation, commenced suit for the value of goods sold and services performed. On July 2, 1953, defendant served notice on plaintiff to furnish security for costs in accordance with the provisions of rules 12(j) and (k), U.R.C.P., which provide for such procedure when the plaintiff is a foreign corporation and require the bond to be furnished within one month. Plaintiff let more than one month go by before complying with the request, but before defendant had moved for dismissal, filed the bond on September 14, 1953.

Thereafter defendant moved to dismiss the action relying on the provision of rule 12(k), U.R.C.P., that "if the plaintiff fails to file such undertaking within one month

after the service of notice, * * * *the court shall, upon motion of the defendant, enter an order dismissing said action."* (Emphasis added.)

It is the defendant's position that the emphasized language makes the dismissal mandatory when the bond is not filed within the month, and that such dismissal, considered in conjunction with rule 41(b) which provides:

"Involuntary Dismissal-Effect Thereof. * * * *Unless the court* in its order for dismissal *otherwise specifies, a dismissal* under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits."* (Emphasis added.)

compels the conclusion that the court properly dismissed the action "with prejudice," and particularly so when plaintiff made no affirmative showing of mistake, inadvertence or excusable neglect to excuse the late filing of the bond.

Plaintiff argues that failure of defendant to move for dismissal before the bond was filed waived the strict time limitation and that it could file the bond at any time before a motion to dismiss was made, just as an overdue answer may be filed at any time before actual default is entered. This argument is not without merit, notwithstanding the apparently mandatory language of rule 12(k) quoted above, indicating that for failure to file a bond within one month the court *shall* dismiss the action, but determination of that matter is not essential to this controversy. Assuming without deciding that under the circumstances here shown it would have been necessary for the court to dismiss the action under 12(k), the question remains as to whether the dismissal should have been "with" or "without" prejudice.

■ In entering any judgment it is the duty of the court to make such order, not inconsistent with law, as will effectuate justice. In accordance with such duty it was incumbent upon the trial judge to exercise a sound discretion as to whether the dismissal should have been with or without prejudice. The general philosophy of the new Rules of Civil Procedure is that liberality should be indulged "to secure the just, speedy, and inexpensive determination of every action."[1] In construing and applying these rules it should be the purpose of the courts to afford litigants every reasonable opportunity to be heard on the merits of their cases. This policy is not an innovation to our law. It has long been embodied both in the statutes [2] and decisions [3]

1. Rule 1(a), U.R.C.P.

2. Sec. 104–14–7, U.C.A.1943, provided: "*The court must* in every stage of an action *disregard any error* or defect *in* the pleadings or *proceedings* which does not affect the substantial rights of the parties * * *." (Emphasis added.)

3. See Forbes v. Delta Land & Water Co., 57 Utah 200, 193 P. 1097.

that deviation from form and procedure shall not work a forfeiture of substantive rights in the absence of prejudice to the opposing party.

■ The objection raised by defendant that security for costs was not filed within one month after notice is at best but a technical one. The only legitimate advantage defendant was entitled to was protection from loss of costs. This was provided before the motion to dismiss was made and thus defendant had suffered no harm, not even the inconvenience sometimes encountered in being required to make the motion to dismiss. On the other hand, merely because of delay in filing of the bond (which we neither commend nor condone) the plaintiff stands to lose forever the right to pursue what might well be a meritorious cause of action. It would have been one thing to dismiss the action without prejudice and require the paintiff to incur the additional expense and inconvenience of filing anew, but it is quite another to dismiss with prejudice and completely, effectively and permanently bar it from remedy.

We cannot appraise the trial court's action as consonant with what the rules themselves and previous decisions of this court have declared to be the policy of the law: to minimize the effect of technical objections which do not go to the merits and are not prejudicial to the interests of the parties.[4] We are of the opinion that the dismissal with prejudice was an abuse of discretion. Accordingly it is ordered that the judgment appealed from be reformed by inserting the words "without prejudice" in place of the words "with prejudice." The judgment as modified to stand affirmed. Costs to appellant.

McDONOUGH, C. J., and WADE, J., concur.

HENRIOD, Justice (concurring in result).

Since this court authoritatively may interpret its own rules, and since a majority of the court has concurred in the opinion of Mr. Justice CROCKETT, I concur in the result, but not in the reasoning by which it is reached.

Rule 12(k) *clearly* makes dismissal *mandatory* if the cost bond is not filed within a month of notice given and motion to dismiss is filed, and 41(b) provides that *unless the court otherwise specifies,* a dismissal operates as an adjudication on the merits, which, of course, is with prejudice. Here the court did not specify otherwise, save to dismiss with prejudice, in a case where plaintiff utterly failed to explain its non-adherence to the rule and why it delayed for more than 6 weeks the filing of such bond. Nevertheless, we now hold that the rules, without specifically saying so, really mean that if the court dismisses with prejudice, or without comment, it abuses its

4. Morris v. Russell, Utah, 236 P.2d 451.

discretion if the cost bond is filed any time before a motion to dismiss has been made. A companion case pending in this court [1] reaches the same result where the bond was filed *after* the motion to dismiss. It would follow that the same result would be reached whether the bond was filed before or after argument on the motion, and since we require the plaintiff to give no explanation whatever for the default or delay, it would appear that the rule has disappeared except as an instrument of harrassment and expense to one of our own resident defendants at the hands of another jurisdiction's non-resident plaintiffs.

There were no "ifs" in the Rules when first written, although we could have put some in and prevented this appeal, and it is not unreasonable, therefore, that the defendant may have anticipated, spent its money in urging and arguing that it was entitled to a dismissal with prejudice without any "ifs" being incorporated in the Rules.

Whether dismissal is with or without prejudice, or without comment, the rules certainly must contemplate that any such dismissal shall be in the sound discretion of the court, subject to upset, however, where there has been a clear abuse of discretion. In this case plaintiff made no explanation for the default or delay. It is difficult, under such circumstances, to charge the lower court with an arbitrary abuse of discretion.

The main opinion, in support of its conclusion and as a part of the law of the case, asserts that the general philosophy of the new Rules is that liberality should be indulged "to secure the just, speedy and inexpensive determination of every action." Such philosophy hardly has applicability to this case. A *speedy* determination here would have been dismissal for failure to adhere to the understandable language of the rules, thus ending the matter. The plaintiff in this case has prevented a speedy determination by its own default and delay, by inviting demand for security, by delaying the filing thereof for 6 weeks, by provoking a motion to dismiss and an argument thereon, and by appealing to this court after losing in the lower court. An *inexpensive* and *just* determination of this case would have resulted in its demise for want of nurture in ignoring the simple language of the rules. Rather, the plaintiff by default and delay, has put the defendant to the unrecoverable expense of paying counsel for preparing, serving, filing and arguing the merits of 1) a notice to furnish a cost bond, 2) a motion to dismiss for failure to so furnish such bond, and 3) the defense of an appeal to this court, pleadings, brief and all. The philosophy of providing a just, speedy and inexpensive determination of every action seems further removed from this case when we add to defendant's previous injury the imposition of unrecoverable costs on appeal, in a case

---

1. See Kemper v. Clarite Battery, Inc., 2 Utah 2d 280, 272 P.2d 194.

where the rules, in plain, simple language, seem to support defendant's position, until we read into them via this decision, something which the writer believes is not there. At least costs should not be awarded against defendant here. I believe we should recognize the infirmities in the rule by officially adopting another in the usual way, and not by way of decision at the expense of the defendant, who, so far as the language of the rules is concerned, had every reason to believe his interpretation thereof was correct.

WORTHEN, J., concurs in the views expressed by HENRIOD, J.

Sandgren & Blackham, S. E. Blackham, Provo, for appellant.