334 P.2d 562

Whitney D. HAMMOND, Administrator of
the Estate of Jim Eskridge, Deceased,
Plaintiff and Respondent,

v.

Zelph S. CALDER, Defendant and Appellant.

No. 8827.

Supreme Court of Utah.

Jan. 21, 1959.

Colton & Hammond, Vernal, VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for appellant.

Zelph S. Calder, Vernal, for respondent.

HENRIOD, Justice.

Appeal from a money judgment and the denial of a motion to dismiss for failure to file a cost bond. Affirmed with costs to respondent.

In 1950 defendant leased virgin, untilled land to one Eskridge for an 8 year term, defendant to get ¼ of the crops grown. The land was broken and farmed. On October 13, 1955, Eskridge sued to restrain defendant from permitting his stock to damage a wheat crop growing on the land and for damages. On October 18, defendant demanded a non-resident cost bond.[1] Esk-ridge died on October 29. Within 30 days and on November 15, plaintiff's attorney moved for an extension to file the bond because of plaintiff's death and in order to have an administrator appointed and substituted as party plaintiff. A 30 day extension was granted. On December 7 defendant moved to dismiss with prejudice for failure to file the bond within 30 days as required by Rule 12(j). On January 9, Eskridge's widow moved to deny this motion since she had asked that plaintiff Hammond be appointed administrator. On January 12, defendant's motion to dismiss was denied. The administrator later was appointed and posted a $2,000 surety bond.

Thereafter the parties waded through a sea of pleadings, conferences and arguments and the suit initiated to enjoin defendant changed complexion and developed into something akin to a simple suit for damages. All differences were to be resolved by a stipulation entered into on the date of the trial in June, 1956, which called for harvesting and dividing, ¼ to defendant and ¾ to Eskridge, of the crops for that year, termination of the lease, defendant to pay Eskridge ⅔ of the cost of "clearing" the land in 1951, such cost to be determined by two appraisers, one to be chosen by each of the parties, Eskridge to remove his property from the land, to turn over immediately

1. Rule 12(j), Utah Rules of Civil Procedure, requires a non-resident litigant to file a cost bond within 30 days after demand made therefor.

the north portion of the farm, all claims between the parties to be settled and "the plaintiff shall have the right to sell his share of the wheat under the wheat allotment of the defendant."

■ Appraisers were appointed and a writing signed by them was delivered to the court setting the cost of "clearing" at $12 per acre. A few days later the appraiser appointed by defendant asked to withdraw his appraisal and signed an affidavit in which, in substance, he asserted that he had signed too hastily. Evidence was later taken by the court and there is substantial testimony to justify the court's determination that the cost intended by the parties included the plowing, which fact appellant denies, and that the $12 figure was reasonable, such that we do not feel constrained to upset the finding, thus disposing of one of defendant's assigned errors.

Defendant's other errors attack 1) the court's refusal to dismiss for failure to file a cost bond, 2) in adjudging that Eskridge was entitled to sell his wheat under defendant's allotment without penalty, 3) in awarding costs to plaintiff and 4) in refusing to hear defendant's claim that Eskridge removed a granary from the premises.

■ Treating the assigned errors in reverse, in January, 1958, long after the trial and entry of judgment defendant filed what appears to have been an abortive pleading called "Defendant's Request for Claim Against Plaintiff," claiming to own the granary Eskridge built and removed from the property. We think the court properly refused to entertain the matter. As to the award of costs, under Rule 54(d) (1) costs are allowed to the prevailing party and defendant's reason why he should be awarded costs, that equity would be done, does not seem meritorious under the findings or the rules.

■ As to the right of Eskridge to sell his wheat under defendant's allotment without penalty, it would seem that the plain wording of the stipulation reasonably lends itself to a construction meaning just that, and the trial court having so construed it, we sustain him.

■ As to the failure to file the cost bond within the thirty day period, this court has held in Bunting Tractor Co. v. Emmett D. Ford Contractors [2] that failure to file such bond within the prescribed limits but before motion to dismiss, necessarily does not require dismissal with or without prejudice, and in Kemper v. Clarite Battery, Inc.,[3] that filing such bond even after the motion to dismiss has been made does not require dismissal. This writer suggested in those two cases that Rule 12(j) may have disappeared, but they are the law of this state and controlling. It would seem that in the light of those cases, in view

2. 1954, 2 Utah 2d 275, 272 P.2d 191.

3. 1954, 2 Utah 2d 280, 272 P.2d 194.

of the fact that a death had made impossible the filing of such bond within the prescribed time, the fact that timely request was made for time to file it by an administrator who could not have qualified within the time, and the fact that a $2,000 surety bond was posted to protect defendant, justify an affirmance of the trial court's refusal to dismiss the litigation.

CROCKETT, C. J., and WADE, WORTHEN and McDONOUGH, JJ., concur.