**PORT CONSTRUCTION COMPANY, Plaintiff**

**v.**

**VIRGIN ISLANDS HOUSING AUTHORITY, Defendant**

Civil No. 135-1964

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 20, 1968

GORDON, *District Judge*

### MEMORANDUM OPINION

This lawsuit was filed on April 22, 1964. On April 30, 1968, in the second week of trial, defendant served a demand for security for costs pursuant to 5 V.I.C. § 547, bottoming the demand upon the non-residency of plaintiff, and its alleged insolvency.

The Court has not before had occasion to interpret 5 V.I.C. § 547 under analogous circumstances, but is favored with a most professional and succinct memorandum from plaintiff which cites the Court to Straus v. Straus, 4 Cal. App.2d, 41 P.2d 218, decided under Section 1036 of the California Code of Civil Procedure, which provisions are

substantially similar to those of the Virgin Islands Code, and which appear to be the source of 5 V.I.C. § 547.

In Straus, where a demand for security for costs was made on the afternoon before trial, the trial court's refusal to grant the motion on the basis that the demand was untimely was upheld. How much more untimely, then, is a demand made four years after the filing of the suit and after two weeks of trial. Certainly a demand for security for costs if one is to be made, should be made within a reasonable time after a party realizes that his opponent is a non-resident, a fact appearing in this case on the face of plaintiff's original complaint. Counsel should not seek to obstruct the progression of a matter to or in trial by springing such a trap so late in the proceedings, especially in the light of subsection (a) which provides that "all proceedings in the action shall be stayed until security is given by the plaintiff," and subsection (c) which inferentially allows the demandee a period of 30 days in which to post security required.

The Court having decided that defendant by inaction is estopped from asserting its rights under 5 V.I.C. § 547, need not consider the other points raised by plaintiff, though in passing will note that the $300 provided for in the statute appears to be the maximum the Court may require as security, be it in the form of a bond or in the form of a cash deposit.

For the reasons stated, therefore, the demand of defendant is denied.