**GLORIA SINCLAIR and JULES SINCLAIR, Plaintiffs**

**v.**

**OVERSEAS MECHANICAL CONTRACTORS, LTD., and ATLAS MOTOR INNS, INC., d/b/a FRENCHMAN'S REEF HOTEL, Defendants**

Civil No. 165/1978

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 28, 1979

JAMES R. COLEMAN, ESQ. (LEHTONEN & COLEMAN), Charlotte Amalie, St. Thomas, V.I., *for plaintiffs*

JOEL H. HOLT, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for Overseas Mechanical Contractors, Ltd.*

John R. Mayer, Esq. (Grunert, Stout, Symes & Mayer), Charlotte Amalie, St. Thomas, V.I., *for Atlas Motor Inns, Inc., d/b/a, Frenchman's Reef Hotel*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This matter is before the Court on a motion of the plaintiffs, Gloria and Jules Sinclair, requesting instructions regarding defendants', Overseas Mechanical Contractors, Ltd. and Atlas Motor Inns, Inc., demands for security for costs. For the reasons stated below, plaintiffs jointly will be required to post a separate security of $300.00 to each defendant.

In this personal injury action, each of the two defendants have filed a notice and demand pursuant to 5 V.I.C. § 547[1] requesting Gloria and Jules Sinclair to individually post a separate security for costs.[2] Plaintiffs oppose said demand contending: (1) the demand was not filed timely and was made solely for purposes of delay, thus, defendants have waived their right to demand security, and (2) the amount sought is excessive and unduly burdensome.

With reference to plaintiffs' first argument, the Court takes note of the following timetable: Gloria Sinclair filed

---

[1] § 547. Security for costs.

(a) If the plaintiff resides out of the Virgin Islands or is a foreign corporation, the defendant may serve a notice requiring security for the costs which may be awarded against the plaintiff. After the service of such a notice, all proceedings in the action shall be stayed until security is given by the plaintiff.

(b) Upon proof that the original security is insufficient, the court may order that new or additional security be given.

(c) The court may dismiss the action if security is not given within 30 days after the service of a notice requiring security or an order requiring new or additional security.

(d) Security shall be given under this section either—

(1) by filing with the clerk an undertaking with sufficient sureties to the effect that they will pay such costs as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $300; or

(2) by making a deposit with the clerk of such sum as the court may direct.

[2] The total amount of security sought is $1,200.00.

her complaint on June 14, 1978, and the complaint on its face reflected her non-residential status.[3] Subsequently, various pleadings, discovery motions and amended responses were filed; the last responsive pleading was dated February 5, 1979. On the next day, defendant, Overseas Mechanical Contractors, filed its demand for security for costs and on February 13, 1979, defendant, Atlas Inn, followed suit.

Plaintiffs cite 20 Am.Jur.2d Costs § 42 for the proposition that as a general rule, the right to security for costs will be deemed waived if not asserted promptly after knowledge of the facts giving the defendant the right to demand such security. Plaintiffs argue that in the matter sub judice, defendants had notice of their non-resident status upon the filing of the complaint and, therefore, defendants' failure to promptly assert their right to security constituted a waiver of that privilege.

Unfortunately, our statute is silent as to the question of when a demand may be filed. However, the District Court's opinion in Port Construction Co. v. Virgin Islands Housing, 6 V.I. 373 (D.C.V.I. 1968) provides some illumination. In that case, the defendant filed a demand for security for costs under 5 V.I.C. § 547 in the second week of trial. The Court, in its holding that the defendant by inaction was estopped from asserting its rights under 5 V.I.C. § 547, noted:

> Certainly a demand for security for costs, if one is made, should be made within a reasonable time after the party realizes his opponent is a non-resident—a fact appearing on the face of the complaint. Counsel should not seek to obstruct the progression of a matter to or in trial by springing a trap so late in the proceedings. 6 V.I. at 374.

█ Thus, the test is whether the demand was made

---

[3] Plaintiff Jules Sinclair's derivative action for loss of consortium was added by plaintiff, amended complaint, dated December 13, 1978.

within a reasonable time after the defendant realizes his opponent is not a resident. Further, I am of the opinion that another prong should be incorporated into the waiver determination—whether the delay operates to prejudice the opposing party; as mere lapse should not of itself divest the defendant of its privilege. See generally Forbes v. Delta Land and Water Co., 57 Utah 200, 193 P. 1097.

■ Applying this two prong test to the matter sub judice, I find defendants have not waived their right to demand security for costs. Defendants' demands were filed shortly after the filing of the last responsive pleading and, thus, there was not an unduly long delay. Further, plaintiffs have not alleged any prejudice resulting from the late demand.

Plaintiffs also challenge defendants' demand for security on the basis that the amount here sought, to wit, $1,200 total, is excessive and unduly burdensome. 5 V.I.C. § 547 sets forth the sum of $300 as the amount to be given as security and further states that "The Court may order that new and additional security be given . . . upon proof that the original security is insufficient." In Port Construction Co. v. Virgin Islands Housing Authority, supra, the Court noted in dicta:

The $300 provided for in the statute appears to be the maximum the Court may require as security in the form of a bond or security deposit. 6 V.I. at 374.

However, as pointed out by defendants, the Court in Cooper v. Vitraco, Civil No. 69/273 (D.C.V.I. 1969) specifically required individual security deposits for several of the multiple defendants involved in that case.

■ I agree with the result obtained in Cooper. Under the facts in the matter sub judice, I find defendants, Overseas Mechanical Contractors and Atlas Motor Inns, Inc., are entitled to separate security, as their interests are clearly

distinct. However, I will limit the amount of security to $300 due to each defendant from the plaintiffs jointly, as Jules Sinclair's cause is a derivative action to Gloria Sinclair's.

ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED

That plaintiffs deposit a security sum of $600 with the Clerk of the Court, of which $300 shall be allocated to defendant, Overseas Mechanical Contractors, Ltd., and $300 allocated to defendant, Atlas Motor Inns, Inc.