**JOSEPH MONTE and PATRICIA MONTE, Plaintiffs**

**v.**

**REED AND ASSOCIATES and NICHOLAS LONG,**
**Defendants**

Civil No. 80-8

District Court of the Virgin Islands

Div. of St. Croix

April 17, 1980

RICHARD E. DALEY, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

BRITAIN BRYANT, ESQ., Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Justice*

## MEMORANDUM AND ORDER

This action arose out of a real estate transaction in which plaintiffs allegedly bought certain property in St. Croix in reliance on the misrepresentation of defendant Long. Long is a real estate salesman who worked for the defendant real estate brokerage firm of Reed and Associates. Plaintiffs are residents of New York; defendants are residents of St. Croix.

Presently before the Court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and a redemand of security for costs. Fed. R. Civ. P. 12(b)(6), 5 V.I.C. § 547. Defendants' motion and redemand will be denied.

Pursuant to 5 V.I.C. § 547, if the plaintiff is a non-resident and the defendant makes a demand for costs then plaintiff must post security with the Court in order to avoid a stay of the proceedings. In the case sub judice defendants made a demand and plaintiffs posted $300.00 security. Relying on § 547(d)(1)[1] defendants assert that each plaintiff must deposit $300.00 in the registry of the Court. It is on this basis that they redemand security for costs.

Defendants' interpretation of the statute, however, is incorrect. The $300.00 amount provided for in the statute is the monetary limit for which a non-resident plaintiff may give an undertaking to secure the payment of costs but is not an amount that must be posted by each plaintiff. Port Construction Co. v. Virgin Islands Housing Authority, 6 V.I. 373, 374 (D.V.I. 1968). We believe that the $300.00 already posted affords adequate protection to the defendants and therefore their demand for additional security will be denied. Cf. Cooper v. Vitraco, Inc., Civ. No. 263-1969, Div. of St. T. & St. J., Memo & Order filed Dec. 29, 1979.

Defendants' motion for dismissal of the complaint will also be denied. Plaintiffs' action is based on the legal theory of fraudulent misrepresentation. See Restatement (Second) of Torts § 525; see generally Southern Development Co. v. Silva, 125 U.S. 247 (1888). Rule 9(b) of the Federal Rules of Civil Procedure provides that averments and circumstances constituting fraud must be specif-

---

[1] Section 547(d)(1) provides:
    (d) Security shall be given under this section either—
        (1) by filing with the clerk an undertaking with sufficient sureties to the effect that they will pay such costs as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $300;

ically pleaded. C. WRIGHT AND A. MILLER, FEDERAL PRAC-
TICE AND PROCEDURE CIVIL: § 1297 at 400 (1969).

Defendants assert that plaintiffs have failed to comply with Rule
9(b). Although the plaintiffs alleged facts which satisfy the specific
elements of misrepresentation, they have not stated with specificity
the place where the fraud occurred. Clinton Hudson & Sons v.
Lehigh Valley Cooperative Farms, Inc., 73 F.R.D. 420, 424 (E.D. Pa.
1977); C. WRIGHT AND A. MILLER, supra at 403. However,
plaintiffs contend that Rule 9(b) must be read in conjunction with
Rule 8(a), (e), (f)[2] of the Federal Rules of Civil Procedure. Tomera v.
Galt, 511 F.2d 504, 508 (7th Cir. 1975); C. WRIGHT AND A.
MILLER, supra at § 1298.

Judge Higginbotham enumerated the three purposes to be served
by Rule 9(b) in In re Commonwealth Oil/Tesoro Petroleum
Corporation Securities Litigation, 467 F.Supp. 227 (W.D. Tex.
1979). They are: ·

> First, it ensures that the allegations are specific enough to
> inform a defendant of the act of which the plaintiff complains
> and to enable him to prepare an effective response and defense.
> Second, it eliminates those complaints filed "as a pretext for
> discovery of unknown wrongs." Gross v. Diversified Mortgage
> Investors, 431 F.Supp. 1080, 1087 (S.D.N.Y. 1977). Third, Rule
> 9(b) seeks to protect defendants from unfounded charges of
> wrongdoing which injure their reputations and goodwill.
> (Citations omitted.) Id. at 250.

See 2a J. Moore's Federal Practice, parag. 9.03 (2d ed. 1979).

■ In the case at bar plaintiffs satisfied the purposes of Rule
9(b). The complaint adequately informs defendants of the specific
acts for which plaintiffs brought suit. Furthermore, the allegations
of the complaint are averred with enough specificity to refute any
argument that plaintiffs are on a fishing expedition, looking for
"unknown wrongs." Finally it is clear that suit was brought for
injury caused by alleged wrongs and not for the sole purpose of
injuring defendants' reputations.

■ Plaintiffs' complaint clearly satisfies the requirements of
Rule 9(b). Indeed defendants' contention that the pleading should be
dismissed for failure to state where the fraud occurred is contrary to

---

[2] Rule 8(a) requires "a short and plain statement of the claim"; Rule 8(e) requires
pleadings to be "simple, concise and direct"; and Rule 8(f) requires that all
pleadings be "construed as to do substantial justice."

the fraudulent conveyance form found as an appendix to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. App. Form 13. This motion of defendants, therefore will also be denied.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that defendants' redemand for security be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that defendants' motion for dismissal of the complaint be and the same is hereby DENIED.