**MABEL DALE INGVOLDSTAD, Plaintiff**

v.

**ESTATE OF WARREN J. YOUNG, et al., Defendants**

Civil No. 80/262

District Court of the Virgin Islands
Div. of St. Croix

February 12, 1981

Samuel H. Hall, Jr., Esq., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

John F. James, Esq., Christiansted, St. Croix, V.I., *for defendants*

ROSS, *Judge*

## OPINION WITH ORDER ATTACHED

Several motions are before the court at this early stage in this litigation. Plaintiff has filed a lengthy complaint; defendants have each demanded a deposit of $300.00 as security for costs pursuant to 5 V.I.C. § 547 and plaintiff has failed to make a timely deposit of said security; accordingly defendants have moved to dismiss the complaint pursuant to 5 V.I.C. § 547(c). Plaintiff has filed a motion which states that plaintiff owns valuable property in the Virgin Islands and therefor should be exempt from the security deposit requirement as, in the event of an award against plaintiff for costs, defendants can levy upon plaintiff's real estate for payment. Defendants object that they should not be compelled to levy upon real estate for that amount of a possible award which the statute requires to be deposited with the court. Plaintiff's suit involves real estate transactions 12 years ago and seeks $8 million in damages. Both parties suggest that this litigation will involve significant legal expenses.

The court declines to dismiss the complaint for plaintiff's failure to post security. Although, the court does not condone plaintiff's failure to make prompt payment of security, no purpose would be served by a dismissal. Accordingly, defendants' motion for a dismissal will be denied.

The court will not exempt plaintiff from posting any security deposit, despite plaintiff's real estate holdings on St. Croix. The court is given no discretion as to whether an off-island plaintiff must post $300.00 security for costs: 5 V.I.C. § 547 provides that all proceedings *shall* halt on defendants' demand for security and that security *shall* be given.

The question of whether plaintiff must post $300.00 security for each defendant is more difficult to resolve. The court has been less than informative in its construction of 5 V.I.C. § 547 and conclusions from prior decisions are limited to the following:

—There is no $300.00 per suit ceiling for security and one defendant may benefit from a $300.00 security deposit from

each of several nonresident plaintiffs (Assam v. Formica Corp., (Civ. No. 76/152 Div. of St. T. and St. J) 1978 St. Croix Supp. 193 (DVI));

—A plaintiff may be required to post a $300.00 security deposit for each of several defendants, though each plaintiff need not make such a deposit when one plaintiff's claim is derivative from the other plaintiff's claim. (Sinclair v. Overseas Mechanical Contractors, 15 V.I. 179 (D.C.V.I. 1979));

—A single defendant's request for more than $300.00 security deposit from a single plaintiff will not be granted "[w]ithout a showing by defendant of the reasons on which her feeling of unsecurity are founded . . ." (Christiansen v. Christiansen, (Civ. No. 80/14 Div. of St. T. & St. J) 1980 St. T. Supp. 302 (DVI)).

Little guidance is provided as to when a party may receive the benefit of or may be required to post more than one $300.00 security deposit.

An examination of 5 V.I.C. § 547's purpose, viewed in the light of modern legal costs and the court's treatment of the provision, also provides little assistance in determining the provision's proper application.

■ The statute requires nonresident plaintiffs to deposit security for costs in the event the resident defendant prevails and is awarded costs. Resident plaintiffs are not required to make such deposits. As resident plaintiffs are capable of refusing to pay an award for costs, the provision is not broadly aimed at preventing such refusals. As resident plaintiffs can be compelled to pay only through executions on the award, the provision is not broadly aimed at eliminating the need for a prevailing defendant to return to court to enforce his award. In this context, the true distinction between a resident and nonresident plaintiff is that if the former refuses to pay an award, the defendant can enforce that award here in the Virgin Islands, while if the latter refuses to pay the award, the defendant must go off-island to enforce his judgment. Thus the purpose of 5 V.I.C. § 547 is to prevent prevailing resident defendants from having to go off island to enforce an award for costs against a nonresident plaintiff.

Neither the court nor the legislature has been willing to apply 5 V.I.C. § 547 to effectuate its purpose. An examination of the awards made by this court to prevailing parties demonstrates that $300.00 will cover only a small portion of legal costs in all but the simplest legal matters. Although the court is authorized to increase the

security requirement if proof is made of its insufficiency, no cases can be found in which that power was employed. Although judicial notice should be sufficient proof that $300.00 is no security against having to go off-island to enforce an award for costs, the Christiansen, supra decision requires some special proof of insecurity. It seems apparent that the court is unwilling to require plaintiffs to deposit the large sum that would truly act as security from having to resort to an off-island court. The legislature has not raised the $300.00 mandatory amount in at least 23 years, creating the inference that it too is unwilling to require the amount required for actual security. The unwillingness of both the court and the legislature is understandable: the requirement of a deposit from each nonresident plaintiff which is large enough to be actual security seems a high price to pay in order to avoid the infrequent situation in which a prevailing defendant must go off-island to enforce his judgment.

Although it seems that both the court and the legislature are unwilling to effectuate 5 V.I.C. § 547's purpose, the court cannot and the legislature has not repealed the provision. The question then is: how to apply a statute whose purpose is apparently in disrepute or at least not fully endorsed by either the legislature or the court? In this situation, only a narrow construction of the statute is appropriate. Although the court will not disturb its prior decisions and continues to hold that in the proper case more than $300.00 security may be required. The court holds that $300.00 security for costs per lawsuit is all that is initially required under 5 V.I.C. § 547, regardless of the number of plaintiffs or defendants involved. If the defendant or defendants seek more security in the case, an application must be made to the court. The court will deny such requests for increased security unless the defendant or defendants can demonstrate some special need for security within the purpose of 5 V.I.C. § 547 as identified in this opinion.

In the matter sub judice plaintiff will be required to post only $300.00 security for costs, which deposit shall act as security for all the defendants. No increased security deposit will be required. Indeed, one could not imagine a situation less appropriate for a requirement of an increased security deposit: this plaintiff holds real estate on St. Croix; thus, if defendants prevail and receive an award of costs and plaintiff refuses to pay the award, these defendants need not leave the Virgin Islands to enforce their awards for they can levy against the real property here.

349

■ Plaintiff also seeks an order permitting her to cash all rental monies which she receives from these defendants without prejudicing any party's rights in this lawsuit. Defendants have stated that they are willing to stipulate to the cashing of rental monies, if only the plaintiff would submit such a stipulation to them. This is the preferred manner of proceeding; accordingly plaintiff's motion for an order to permit the cashing of rental monies will be denied.

## ORDER

The premises being considered and the court being fully informed

IT IS ORDERED that defendants' motion for dismissal pursuant to 5 V.I.C. § 547 be, and hereby is, denied;

IT IS FURTHER ORDERED that plaintiff's motion seeking an order permitting her to cash certain rental monies without prejudicing any party's rights herein be, and hereby is, denied.

IT IS FURTHER ORDERED that plaintiff post $300.00 security in accordance with the procedure set forth in 5 V.I.C. § 547(d);

IT IS FURTHER ORDERED that the stay in proceedings in effect pursuant to 5 V.I.C. § 547(a) cease upon notice to defendants that this order has been complied with.