2019 UT App 22

## THE UTAH COURT OF APPEALS

NORMA ZEMLICKA,
Appellant,
*v.*
WEST JORDAN CITY,
Appellee.

Opinion
No. 20170136-CA
Filed February 7, 2019

Third District Court, West Jordan Department
The Honorable James D. Gardner
No. 160901181

Rodger M. Burge, Matthew J. Ball, and
Terry E. Welch, Attorneys for Appellant

Matthew David Church and Terry M. Plant,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGE MICHELE M. CHRISTIANSEN FORSTER concurred. JUDGE JILL
M. POHLMAN dissented.

ORME, Judge:

¶1     Norma Zemlicka appeals the district court's dismissal of her complaint against West Jordan City for failure to file a timely undertaking under a prior version of section 601 of the Utah Governmental Immunity Act (UGIA). We reverse.

### INTRODUCTION

¶2     At the time Zemlicka filed her complaint against West Jordan City, section 601, since amended so as to avoid the problem presented by this case, required that "*[a]t the time the action is filed*, the plaintiff shall file an undertaking in a sum *fixed*

*by the court* that is . . . not less than $300." Utah Code Ann. § 63G-7-601(2) (LexisNexis 2016) (emphasis added). But this requirement is logistically impossible because the district court is tasked with fixing the amount of an undertaking in an action *prior to* the filing of the complaint that commences the action, which is the only way an undertaking in an amount fixed by the court could be filed at the same time that the complaint is filed. Yet experience suggests that district courts will not enter orders in connection with cases that have not yet been filed because the filing of the complaint is the mechanism by which an action is commenced and a judge is assigned. In effect, the now-superseded version of section 601 put the cart before the horse, requiring the court to fix the amount of an undertaking in an action before that action had even been filed.

¶3      Utah's federal courts apparently recognized this problem and set about to work around it through the adoption of a local rule that obviated the need for individualized judicial action in each case by fixing a standard amount for such undertakings and requiring plaintiffs, at the time the complaint is filed, to file a $300 bond with the clerk of the court. *See* DUCivR 67-1(c). And in 2017, the Utah Legislature apparently perceived the problem created by the prior version of the statute and amended section 601 along the lines of the local federal rule. Section 601 now provides: "At the time the action is filed, the plaintiff shall file an undertaking . . . in the amount of $300, unless otherwise ordered by the court."[1] Utah Code Ann. § 63G-7-601(2) (LexisNexis Supp.

---

1. Although the Legislature recently amended the language of the statute at issue, the new statutory language does not guide our interpretation of the prior version of section 601. The statutory language at issue in the case before us is unambiguous, and "we seek guidance from the legislative history and relevant policy considerations only if the statutory language is ambiguous or unclear." *Harvey v. Cedar Hills City*, 2010 UT 12, ¶ 15, 227 P.3d 256 (quotation simplified). Nonetheless, the amendment reflects the Legislature's realization that the prior

(continued…)

2017). The 2017 amendment resolves the logistical impossibility created by the prior statute, more fully discussed below, and obviates the problem presented by this case in future actions brought against government entities.

BACKGROUND

¶4      On March 10, 2014, Zemlicka was driving in West Jordan City when the poorly lit street on which she was driving abruptly ended with a dirt ramp.[2] As a result, her car was thrown into the air, and she was seriously injured. On February 18, 2016, having previously complied with the pre-suit notice requirements of UGIA, Zemlicka filed a complaint against West Jordan City for negligence. On March 14, 2016, the district court notified Zemlicka that a $300 undertaking was required. She filed a $300 bond that same day.

¶5      On October 6, 2016, nearly seven months later and while the parties were engaged in discovery—and after the applicable statute of limitations had run—West Jordan City moved to dismiss Zemlicka's suit for her failure to file an undertaking at the time her complaint was filed rather than a few weeks later when the court instructed her to file a $300 undertaking. *See* Utah Code Ann. § 63G-7-601(2) (LexisNexis 2016). The district court granted West Jordan City's motion and dismissed

_____

(…continued)

version of the statute was problematic, and future cases will be governed by the more sensible amended version of section 601 rather than the prior version that applies in this case.

2. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *State v. Apotex Corp.*, 2012 UT 36, ¶ 3, 282 P.3d 66 (quotation simplified).

Zemlicka's suit, determining that Zemlicka "failed to strictly comply" with section 601 "because, 'at the time the action [was] filed,' the Plaintiff did not 'file an undertaking in the sum fixed by the court that is not less than $300.00.'" Zemlicka appeals.

## ANALYSIS

¶6     Zemlicka contends that the district court erred in its interpretation of the prior version of section 601.[3] "Statutory interpretation is a matter of law that we review for correctness," affording no deference to the district court's interpretation. *Bilanzich v. Lonetti*, 2007 UT 26, ¶ 10, 160 P.3d 1041.

¶7     Zemlicka argues that "[t]he plain and unambiguous language of the statute requires a court to first fix the amount of the undertaking, *and then* for the plaintiff to file an undertaking in said amount," asserting that the grammatical structure of the statute requires the court to set an undertaking amount for each suit "[a]t the time the action is filed."

¶8     West Jordan City, in contrast, argues that the statute, despite its terms, does not actually require the court to fix an undertaking amount in each case but instead "includes a default minimum undertaking amount of $300" that a plaintiff should know to file with the complaint. This contention seems to rely on what West Jordan City sees as "the well-settled rule" in Utah that a plaintiff *should* file a $300 undertaking when the complaint

---

3. Zemlicka also contends that the district court erred in dismissing her complaint because West Jordan City waived any issue about the timing of her filing of the undertaking by proceeding with discovery and waiting seven months before raising an objection to when the undertaking was filed. Because we reverse on the basis of statutory interpretation, we do not reach the question of whether West Jordan City waived any defense premised on the timeliness of the undertaking's filing.

is filed to satisfy the statutory undertaking requirement.[4] While this view effectively ignores the "in a sum fixed by the court" requirement, we recognize that the Utah Supreme Court has, in passing, stated that section 601 requires a plaintiff to "include an undertaking at the time of filing," *Marziale v. Spanish Fork City*, 2017 UT 51, ¶ 21, 423 P.3d 1145, but the definitive interpretation of the applicable version of section 601 is an issue of first impression, *see also Craig v. Provo City*, 2016 UT 40, ¶¶ 6, 40, 389 P.3d 423 (noting that the complaint was filed "without the $300 bond required by" section 601).

¶9     When interpreting a statute, "we first examine the statute's plain language and resort to other methods of statutory interpretation only if the language is ambiguous." *State v.*

---

4. Utah's federal courts complied with the prior version of section 601 by requiring a plaintiff to file a $300 undertaking at the time of filing a complaint. *See Rippstein v. Provo City*, 929 F.2d 576, 578 (10th Cir. 1991); *Mglej v. Garfield County*, No. 2:13-CV-713, 2014 WL 2967605, at *2 (D. Utah July 1, 2014). But the federal courts did not view this as an automatic function of the statute. Rather, to resolve the logistical impossibility presented by the statute, the Utah federal district court created a local rule, essentially fixing the undertaking amount at $300 in all cases. *See* DUCivR 67-1(c). *See also* Markus B. Zimmer & Louise S. York, *Negotiating the Amended Federal Court Local Rules of Practice*, 10 Utah Bar Journal 37, 38 (Sept. 1997) (stating that this rule amended an earlier rule requiring "the filer to obtain a signed order from the assigned judge at the time of case opening to set the amount of bond and to authorize the clerk to accept the funds . . . often caus[ing] delay and inconvenience for counsel filing the actions and for the judge signing the order"). This rule complies with the prior version of section 601, applicable in this case but since amended, because the court has "fixed" the amount of the undertaking in each case, albeit by court rule applicable across the board instead of via judicial consideration in each individual case.

*Masciantonio*, 850 P.2d 492, 493 (Utah Ct. App. 1993). In so doing, we "presume that the Legislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning." *Versluis v. Guaranty Nat'l Cos.*, 842 P.2d 865, 867 (Utah 1992).

¶10    Section 601, as previously phrased, clearly and unambiguously required a plaintiff, at the time of filing the complaint, to file an undertaking in an amount *already* fixed by the court. *See* Utah Code Ann. § 63G-7-601(2) (LexisNexis 2016). Although an undertaking could not be less than $300, the Legislature purposely left the amount of an undertaking in each case to be determined by the district court *prior to the filing of an action*, using the past tense form of the verb "fix," i.e., "fixed." *Id. See also Hansen v. Salt Lake County*, 794 P.2d 838, 840 n.4 (Utah 1990) (noting that, under the statute, the district court initially fixes the undertaking amount). *Cf. Zamora v. Draper*, 635 P.2d 78, 81 (Utah 1981) (stating that similar statutory language allows the court flexibility to fix the amount of the bond in accordance with the plaintiff's circumstances).

¶11    Because the statute by its plain terms required a logistical impossibility, we cannot adopt the simplest plain reading of the statute. We therefore must embrace a reasonable interpretation of section 601, one that accepts the legislative intent to protect governmental entities from frivolous suits by requiring an undertaking, while mandating that courts, in the exercise of their sound discretion, fix the amount of the undertaking in each case. *See* Utah Code Ann. § 63G-7-601(2); *Hansen*, 794 P.2d at 840. Our primary goal in statutory interpretation "is to evince the true intent and purpose of the Legislature," *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863 (quotation simplified), "requir[ing] us to consider what the figurative 'legislative mind' would have intended had it adverted to the particular circumstances we are confronted with for adjudication." *ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2010 UT 65, ¶ 17, 245 P.3d 184 (quotation simplified). "In doing this, we take into account the purpose of the statute and what

interpretation and application will best serve that purpose in practical operation." *Id.* (quotation simplified).

¶12 Under the previous version of the statute applicable in this case, the phrase, "[a]t the time the action is filed, the plaintiff shall file an undertaking," seemingly required plaintiffs to file an undertaking at the time they filed their complaint. But the undertaking must be in an amount "fixed by the court," and as we have already pointed out, a district court will not fix the amount of the undertaking before a complaint has been filed, thereby actually commencing the action. Because "time" is "a period during which something (as an action, process, or condition) exists or continues," *Time*, Webster's Third New International Dictionary 2394 (1993), and because the prior version of section 601 imposed on the court the duty to fix the amount of the undertaking, an action, once filed in the technical sense, will not be considered filed and effective for purposes of section 601 until the court fixes the amount of the undertaking, whereupon the plaintiff is obliged to post an undertaking in that amount. Accordingly, once the complaint is filed, the court is obligated to fix an undertaking in an amount that is discretionary with the court but which may not be "less than $300." Utah Code Ann. § 63G-7-601(2). Once the amount is fixed by the court, the plaintiff must promptly[5] file an undertaking

---

5. This does not mean that the plaintiff is expected to file the undertaking at the same moment the court fixes the amount. And given that electronic filing is the typical method for filing a complaint and issuing an order while, as we were advised at oral argument, bonds and other undertakings are memorialized in paper documents that must be physically presented to the court, the filing of the undertaking will necessarily follow the issuance of the order fixing the amount even as that order will necessarily follow the filing of the complaint. Therefore, the filing of an undertaking should promptly follow the court's fixing of the amount of the undertaking. And in this case, Zemlicka filed her bond later that same day.

upon entry of the court's order fixing the amount which, of necessity, will be a time later than when the complaint was filed. *Cf. Kiesel v. District Court*, 84 P.2d 782, 783–84 (Utah 1938) (interpreting statutory language that required a plaintiff to "prepare and file with, and at the time of filing, the complaint in any such action, a written undertaking" to mean "contemporaneously[6] with the [filing of the] complaint"). An undertaking must therefore be filed as soon as the amount is fixed by the court, or the plaintiff risks having the suit dismissed. *See Hansen*, 794 P.2d at 840 (providing that "[f]ailure to pay the undertaking is an affirmative defense").

¶13    Here, on March 14, 2016, the court notified Zemlicka that she needed to post a $300 undertaking. She did so immediately. But, in its decision granting West Jordan City's motion to dismiss, the district court stated that it was merely advising Zemlicka of the undertaking requirement, not fixing the amount of the undertaking. We will not set aside a factual finding unless it is "without factual support in the record or if [we] on the entire evidence [are] left with the definite and firm conviction that a mistake has been made." *Jouflas v. Fox Television Stations, Inc.*, 927 P.2d 170, 174 (Utah 1996) (quotation simplified). Because section 601 required the court to fix the amount of the undertaking, and there was nothing in the record establishing that the court fixed the amount before March 14, 2016, the court erred in implicitly determining that the amount was set before this date. On the contrary, the court is deemed to have fixed the amount on March 14, 2016, less than a month after the action was filed, when its clerk notified Zemlicka that she must post a $300 undertaking. Zemlicka was required to file her undertaking contemporaneously with the court fixing the amount of the undertaking, which she did by filing it later that same day.

---

6. "Contemporaneously" means "at or near the same time." *Contemporaneously*, Webster's Third New International Dictionary 491 (1993).

¶14    Given the legislative intent behind section 601, West Jordan City's objection to Zemlicka's late undertaking "is at best but a technical one," because "[t]he only legitimate advantage [West Jordan City] was entitled to was protection from loss of costs." *See Bunting Tractor Co. v. Emmet D. Ford Contractors, Inc.*, 272 P.2d 191, 192 (Utah 1954). But Zemlicka "stands to lose forever the right to pursue what might well be a meritorious cause of action. It would have been one thing to dismiss the action without prejudice and require [Zemlicka] to incur the additional expense and inconvenience of filing anew, but it is quite another to dismiss with prejudice and completely, effectively and permanently bar [her] from remedy." *See id.* at 192–93.

¶15    We conclude that Zemlicka complied with the requirements of the version of section 601 applicable to her case, as properly understood. And we again note that the problem presented in this case will be avoided in the future because in the amended version of section 601, the Legislature has fixed the amount of the initial undertaking to be filed in such cases.

## CONCLUSION

¶16    We reverse the district court's grant of West Jordan City's motion to dismiss because Zemlicka complied with the prior version of section 601. We remand the case for resolution on its merits.

───────────