2018 UT App 136

## THE UTAH COURT OF APPEALS

THOMPSON E. FEHR,
Appellant,

*v.*

JOHN H. STOCKTON,
Appellee.

Opinion
No. 20160996-CA
Filed July 6, 2018

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 150903545

Thompson E. Fehr and John T. Anderson, Attorneys
for Appellant

Margaret H. Olson, Attorney for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGE DIANA HAGEN concurred. JUDGE GREGORY K. ORME
concurred, with opinion.

POHLMAN, Judge:

¶1     Thompson E. Fehr appeals the district court's order
dismissing with prejudice his complaint filed against John H.
Stockton. Fehr also seeks review of the district court's judgment
awarding attorney fees to Stockton. We reverse the dismissal,
vacate the attorney fees award, and remand for further
proceedings.

BACKGROUND

¶2     Fehr alleges that he performed legal services for Stockton
pursuant to an oral agreement between Fehr and Stockton's
agent. Specifically, Fehr claims Stockton retained him on an

hourly basis to protect Stockton's intellectual property through the filing and prosecution of several patent applications concerning a retractable hose extension for a vacuum. Fehr characterized his method of accounting as an "open account," whereby he would enter (1) debits on the account as he performed legal services and paid patent maintenance fees for Stockton, and (2) credits on the account as he received payments from Stockton or Stockton's agent. Fehr alleges that he performed legal services for Stockton "[b]eginning on or about January 7, 2003, and continuing through January 20, 2015," and that he "periodically provided [Stockton] invoices showing fees earned, costs advanced, and payments received." The district court reasonably inferred from these allegations that Fehr sent Stockton "periodic invoices from 2003–2015." *See generally Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275 (indicating that in ruling on a motion to dismiss, courts draw "all reasonable inferences [from the complaint's allegations] in the light most favorable to the plaintiff" (quotation simplified)).

¶3 In June 2015, Fehr sued Stockton to collect amounts he claims are due and owing under the parties' alleged oral agreement. He asserted a claim for breach of contract and alternative claims for quantum meruit.[1]

¶4 In response, Stockton moved to dismiss the complaint. He argued that Fehr's claim for breach of an oral contract was barred by the four-year statute of limitations applicable to oral contracts. Similarly, Stockton argued that the doctrine of laches barred Fehr's equitable claims. Stockton also argued that the parties' alleged oral agreement "is void under the statute of

---

1. "Quantum meruit is an equitable tool that allows a plaintiff to receive restitution for the reasonable value of services provided to the defendant." *Emergency Physicians Integrated Care v. Salt Lake County*, 2007 UT 72, ¶ 10, 167 P.3d 1080; *see also Quantum meruit*, Black's Law Dictionary (10th ed. 2014) ("A claim or right of action for the reasonable value of services rendered.").

frauds" because, by its alleged terms, it could not be performed within one year. *See* Utah Code Ann. § 25-5-4(1)(a) (LexisNexis 2013). Finally, Stockton argued that Fehr brought the suit in bad faith and requested that the court award him attorney fees under Utah's bad faith attorney fees statute, Utah Code section 78B-5-825.

¶5      The district court granted Stockton's motion to dismiss with prejudice. It concluded that Fehr's complaint was time-barred because his arrangement with Stockton pursuant to the parties' alleged oral contract did "not meet the definition of [an] open account." The court further concluded, without discussion, that the complaint was "barred by the . . . statute of frauds." The court did not separately address Fehr's equitable claims or Stockton's arguments that the claims were barred by the laches doctrine.

¶6      After further briefing and in a separate order, the court granted Stockton's motion for bad faith attorney fees under section 78B-5-825. The court found that the case "was without merit, frivolous and had little or no weight in law or fact," and that Fehr "lacked subjective good faith in filing the case."

¶7      Fehr filed a timely notice of appeal, claiming error in the dismissal of his claims with prejudice and in the award of attorney fees to Stockton.


ISSUES AND STANDARDS OF REVIEW

¶8      Fehr raises two issues on appeal. The first is whether the district court erred in dismissing his complaint. "A Rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." *Oakwood Village LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 8, 104 P.3d 1226 (quotation simplified). "Under a rule 12(b)(6) dismissal, our inquiry is concerned solely with the sufficiency of the pleadings, and not the underlying merits of the case." *Id.* (quotation simplified). We assume the truth of the factual allegations in the

complaint and draw "all reasonable inferences therefrom in the light most favorable to the plaintiff." *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275 (quotation simplified). "We review a decision granting a motion to dismiss for correctness, granting no deference to the decision of the district court." *Bylsma v. R.C. Willey*, 2017 UT 85, ¶ 10, 416 P.3d 595 (quotation simplified). We likewise review the district court's subsidiary legal determinations for correctness. *See State v. Huntington-Cleveland Irrigation Co.*, 2002 UT 75, ¶¶ 11–12, 52 P.3d 1257 (explaining that appellate courts review for correctness the district court's determination of whether a statute of limitations has expired); *Bennett v. Huish*, 2007 UT App 19, ¶ 9, 155 P.3d 917 ("The applicability of the statute of frauds is a question of law to be reviewed for correctness." (quotation simplified)).

¶9 The second issue is whether the district court erred in awarding attorney fees to Stockton under the bad faith attorney fees statute. "We review a [district] court's grant of attorney fees under the bad faith statute as a mixed question of law and fact." *Fadel v. Deseret First Credit Union*, 2017 UT App 165, ¶ 16, 405 P.3d 807 (quotation simplified). "A finding of bad faith is a question of fact and is reviewed by this court under the clearly erroneous standard." *Id.* (quotation simplified). "The 'without merit' determination is a question of law, and therefore we review it for correctness." *Id.* (quotation simplified).


ANALYSIS

I. Dismissal of Fehr's Complaint

¶10 The district court dismissed Fehr's complaint on two independent grounds. First, the court ruled that Fehr's complaint was barred by the four-year statute of limitations applicable to oral contracts and open accounts. *See* Utah Code Ann. § 78B-2-307 (LexisNexis Supp. 2017). Second, the court concluded that the complaint was barred by the statute of frauds. We conclude that the court erred in both respects.

A.     The Statute of Limitations

¶11     Fehr contends that the district court erred in dismissing his complaint on timeliness grounds, asserting that because his last charge to Stockton "was within four years of the [filing] of the Complaint," his suit was not time-barred. The district court concluded that Fehr's breach of contract claim was barred by the four-year statute of limitations found in Utah Code section 78B-2-307. That section states, in relevant part:

> An action may be brought within four years: (1) after the last charge is made or the last payment is received: (a) upon a contract, obligation, or liability not founded upon an instrument in writing; . . . or (c) on an open account for work, labor or services rendered, or materials furnished . . . .

In applying this statute, the court determined that the facts Fehr pleaded about his arrangement with Stockton did not meet the definition of an "open account" and for that reason Fehr's claim was time-barred. We disagree with the court's ultimate conclusion.

¶12     The statute of limitations operates to bar claims based on, among other things, an oral contract or an open account where the plaintiff brings a claim more than four years "after the last charge is made or the last payment is received." *Id.* § 78B-2-307(1). Here, the court determined, and the parties agree, that Fehr's claim against Stockton for breach of contract is based on an alleged oral agreement. Thus, the four-year statute of limitations is relevant to this case. But the question of whether the statute bars Fehr's claim does not, as the court determined, turn on whether Fehr's method of accounting for services performed and payments received under the contract is properly characterized as an "open account." Rather, the pertinent question is whether Fehr brought this action within four years of

Fehr's last charge or receipt of the last payment. *See id.* And the answer to that question, based on Fehr's allegations, is yes.

¶13    Fehr alleges that he last charged Stockton under the alleged agreement in January 2015.[2] Fehr sued Stockton in June 2015—five months later. Thus, based on Fehr's allegations and the reasonable inferences drawn therefrom, Fehr's complaint for breach of an alleged oral contract is timely because he filed it within a few months of making the last charge—well within the four-year limitations period. *See State v. Huntington-Cleveland Irrigation Co.*, 2002 UT 75, ¶ 17, 52 P.3d 1257 (interpreting an earlier, but substantively similar, version of the relevant statute of limitations, and explaining that "[a] cause of action for breach of contract for failure to make a payment . . . accrues only after a charge is made . . . and thus the limitation period begins to run when the . . . charge is made"). We therefore reverse the district court's decision to the contrary.

¶14    However, it is important to note that in reversing the district court's determination that Fehr's complaint was time-barred in its entirety, we do not conclude that the entirety of Fehr's claim was timely filed. In *Huntington-Cleveland*, a case on which Fehr heavily relies, our supreme court held that the applicable "limitation period may expire on some assessments but not on others. Specifically, [a party] cannot challenge every assessment made . . . in perpetuity. . . . [O]nly payments due or assessments charged within the four years prior to filing the lawsuit can be the basis for a contractual claim." *Id.* ¶ 20 (quotation simplified). In other words, the supreme court held

---

2. Fehr appears to assume that sending an invoice constitutes making a "charge" within the meaning of the statute of limitations, and Stockton does not argue otherwise. *See* Utah Code Ann. § 78B-2-307(1) (LexisNexis Supp. 2017). For purposes of this appeal, we assume, without deciding, that Fehr made a "charge" in January 2015 under his alleged agreement with Stockton.

that the statute of limitations precluded that party from challenging individual charges made more than four years before the complaint was filed. *See id.* Similarly, here, there may be charges for which Fehr seeks to recover that are barred by the four-year statute of limitations. We conclude only that, where Fehr alleges that he made a charge under the alleged agreement within four years of filing his complaint, the court erred in dismissing the complaint in its entirety.[3]

B.    The Statute of Frauds

¶15    Fehr also contends that the district court erred in concluding that the statute of frauds barred his claims. As an alternative ground for dismissing Fehr's breach of contract claim, Stockton argued that the alleged "open account"

---

3. In addition to seeking the dismissal of Fehr's breach of contract claim as untimely, Stockton moved to dismiss Fehr's alternative claims for quantum meruit as barred by the doctrine of laches. "To successfully assert a laches defense, a defendant must establish both that the plaintiff unreasonably delayed in bringing an action and that the defendant was prejudiced by that delay." *Veysey v. Veysey*, 2014 UT App 264, ¶ 16, 339 P.3d 131 (quotation simplified). The application of laches as a defense to equitable claims is "highly fact-dependent." *Id.* Although the district court dismissed Fehr's complaint in its entirety, it did not articulate either during oral argument or in its written order the basis for the dismissal of Fehr's equitable claims. Because the district court summarily dismissed these claims without analysis, we cannot review the correctness of its decision. *See Springville Citizens for a Better Cmty. v. City of Springville*, 1999 UT 25, ¶ 32, 979 P.2d 332 (concluding that the district court's failure to articulate a basis for rejecting certain claims prevented the appellate court from reviewing the correctness of the district court's rulings). Accordingly, without opining on the merits of Fehr's equitable claims or the application of the laches defense, we reverse the court's dismissal of these claims.

arrangement described by Fehr "is void under the statute of frauds." Without analysis, the district court agreed and concluded that the statute of frauds barred Fehr's complaint.

¶16    Utah's statute of frauds provides, in relevant part, that "[t]he following agreements are void unless the agreement, or some note or memorandum of the agreement, is in writing, signed by the party to be charged with the agreement: (a) every agreement that by its terms is not to be performed within one year from the making of the agreement." Utah Code Ann. § 25-5-4(1)(a) (LexisNexis 2013). Fehr does not dispute that the oral contract he alleges is subject to the statute of frauds. Fehr disagrees, however, with Stockton's contention that the one-year clause of the statute of frauds bars his claim because "the oral contract alleged could not be performed within one year." We agree with Fehr.

¶17    It is well settled that "the one-year clause applies only to contracts that are literally *incapable* of being performed within one year." *Pasquin v. Pasquin*, 1999 UT App 245, ¶ 18, 988 P.2d 1; *see also Zion's Service Corp. v. Danielson*, 366 P.2d 982, 985 (Utah 1961) ("The words 'cannot be fully performed' must be taken literally. The fact that performance within a year is entirely improbable or not expected by the parties, does not bring the contract within [the statute of frauds]." (quotation simplified)). The alleged oral agreement between Fehr and Stockton was not literally incapable of being performed within one year.

¶18    While Fehr alleges that his agreement with Stockton included the terms that his fees would increase every other year and that Stockton was obliged to pay patent maintenance fees that would accrue over time, those terms did not mandate that the agreement extend beyond one year. After all, the contract as alleged was one for legal services. And Utah's Rules of Professional Conduct make clear that "[a] client has a right to discharge a lawyer at any time, with or without cause." Utah R. Prof'l Conduct 1.16 cmt. 4; *see also Pang v. International Document Services*, 2015 UT 63, ¶ 43, 356 P.3d 1190. Thus, regardless of the

parties' expectations regarding future events, the alleged oral agreement for legal services was terminable at any time by Stockton. Accordingly, it was capable of being fully performed within one year and is thus beyond the reach of the statute of frauds. *See Zion's Service Corp.*, 366 P.2d at 985 ("Where the agreement can be performed within one year, though this be done by election of one of the parties to terminate, there can be no doubt but that the Statute of Frauds is not applicable."); *Pasquin*, 1999 UT App 245, ¶ 19 (holding that the enforcement of a lifetime employment agreement was not barred by the statute of frauds, because it could be fully performed within one year by death or voluntary discontinuance).[4]

---

4. On appeal, Stockton urges us to affirm the district court's dismissal with prejudice on the alternate ground that Fehr failed to sufficiently allege the existence of a contract between Stockton and Fehr. The crux of Stockton's argument is that Fehr failed to allege facts sufficient to show an agency relationship between Stockton and the individual who dealt with Fehr, allegedly on Stockton's behalf. We observe that this argument is based on an alleged pleading deficiency. And while such an alleged deficiency may warrant the dismissal of the complaint *without* prejudice, Stockton has not shown that he would be entitled to a dismissal *with* prejudice for such a failing. *See Coroles v. Sabey*, 2003 UT App 339, ¶ 47, 79 P.3d 974 (noting that a court is required to dismiss an inadequately pleaded complaint, and explaining that such a dismissal "based upon the inadequacy of the pleadings, not the merits of the case," must be without prejudice). For this reason, without expressing an opinion on the merits of whether Fehr adequately pleaded the existence of an agency relationship and a contract, we decline to exercise our discretion to affirm on this proposed alternate ground. *See Siebach v. Brigham Young Univ.*, 2015 UT App 253, ¶ 36, 361 P.3d 130 ("Although we possess the ability to affirm on any legal ground or theory apparent on the record, we also possess the

(continued…)

## II. Award of Attorney Fees

¶19   Next, Fehr contends that the district court erred in awarding attorney fees to Stockton. After dismissing Fehr's complaint in its entirety, the district court granted Stockton's motion for an award of attorney fees under Utah Code section 78B-5-825.[5] That section provides, in relevant part, "In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith . . . ." Utah Code Ann. § 78B-5-825(1) (LexisNexis 2012).

¶20   The district court determined that Fehr's "case was without merit, frivolous and had little or no weight in law or fact," and that Fehr "lacked subjective good faith in filing the case." The court's determination that the case lacked merit was based on its conclusion that the case was barred by the statute of limitations and on its disbelief that Fehr's open account theory "would ever fly." Thus, the district court's dismissal order, concluding that Fehr's complaint was time-barred in its entirety, underpins its subsequent award of attorney fees. Having reversed the dismissal order above, we must vacate the attorney fees award. In reaching this result, however, we express no

---

(…continued)
discretion to conclude that the district court should be afforded the opportunity to rule on the arguments in the first instance.").

5. In its order, the district court referenced section 78B-5-826 (the prevailing party attorney fees statute) as the basis for its award. But in the hearing on the motion, the court cited section 78B-5-825, and given the basis for Stockton's motion and the court's finding of bad faith, it appears the reference to the prevailing party attorney fees statute was inadvertent. We construe the court's order as having awarded fees to Stockton under section 78B-5-825.

opinion regarding the district court's finding of bad faith and the merits of any subsequent motion should Stockton again seek relief under the bad faith attorney fees statute on remand.

CONCLUSION

¶21 For the foregoing reasons, we reverse the district court's order dismissing the complaint in its entirety, and we vacate the order awarding attorney fees to Stockton. We remand this case to the district court for further proceedings.

———————

ORME, Judge (concurring):

¶22 I concur in the court's opinion. I write separately for a very limited purpose and that is to emphasize that the award of attorney fees premised on Fehr's bad faith must fall with the order dismissing his complaint. The main opinion makes that clear. And the main opinion goes on to state that "we express no opinion regarding the district court's finding of bad faith." *Supra* ¶ 20. That is solid analysis, and I do not disagree with it.

¶23 But I worry that the district court might read something into that neutral comment that we do not intend. Thus, I wish to point out—speaking only for myself, of course—that if the fee award were before us, I would have no trouble in voting to affirm it. The court's finding of bad faith was well supported in the record before the court. In my opinion, while the fee award was premature, it was not improper in an absolute sense.

¶24 I realize that my colleagues have no intention of suggesting otherwise in stating that we express no opinion on the question. I just want to ensure that in so stating we do not inadvertently chill Stockton's renewal of the request, nor the district court's careful consideration of it, at an appropriate juncture in the course of this lawsuit.

———————