2021 UT App 21

## THE UTAH COURT OF APPEALS

CARDIFF WALES LLC,
Appellant,
*v.*
WASHINGTON COUNTY SCHOOL DISTRICT, DESERT CANYONS
DEVELOPMENT INC., AND DSG HOLDINGS LLC,
Appellees.

Opinion
No. 20191035-CA
Filed March 4, 2021

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
No. 190500076

Justin P. Matkin, Robert A. McConnell, and Jeffery A.
Balls, Attorneys for Appellant

Russell S. Mitchell, Attorney for Appellee
Washington County School District

J. Gregory Hardman and Devon J. Herrmann,
Attorneys for Appellees Desert Canyons
Development Inc. and DSG Holdings LLC

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1     Cardiff Wales LLC (Cardiff) appeals the dismissal of its
complaint for failure to state a claim upon which relief can be
granted. In its complaint, Cardiff sought declaratory relief and to
set aside the sale of certain property (the Property) by
Washington County School District (WCSD). Cardiff asserts that
it conveyed the Property to WCSD under threat of

condemnation, and therefore Utah Code section 78-34-20[1] afforded it a right of first refusal in the event WCSD sought to later sell the Property. We hold that the Property was not conveyed to WCSD under threat of condemnation, and we affirm the dismissal.

BACKGROUND[2]

¶2 In February 2007, WCSD notified Cardiff that it wanted to purchase the Property for a new high school. During the negotiation process, WCSD informed Cardiff that if a voluntary negotiation was not successful, WCSD would seek to acquire the Property by eminent domain. So, "[i]n order to avoid an eminent domain lawsuit, [Cardiff] agreed to sell the Property to [WCSD]."

¶3 The parties entered into a Real Estate Purchase and Sale Agreement (the Agreement) by which Cardiff conveyed the Property to WCSD. The Agreement indicated that WCSD had advised Cardiff that it intended "to acquire a portion of the [Property] through condemnation if necessary" but that the parties had "negotiated an alternative to the condemnation proceeding." The Agreement further stated, "In lieu of an involuntary conversion thereof, [Cardiff] agrees to sell the

---

1. At the time of the relevant events, Utah Code section 78-34-20 was the provision governing threat of condemnation and right of refusal. Utah Code section 78-34-20 has since been renumbered as section 78B-6-521. *See* H.B. 78, 57th Leg., 2008 Gen. Sess. (Utah 2008).

2. "When reviewing a motion to dismiss based on Rule 12(b)(6), an appellate court must accept the material allegations of the complaint as true." *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 5, 460 P.3d 565 (cleaned up). We recite the facts in accordance with that standard.

[Property] to [WCSD] . . . upon the terms . . . set forth in this Agreement."

¶4     Approximately ten years after it acquired the Property, WCSD determined that it no longer needed the Property and decided to sell it. WCSD did not offer Cardiff a right of first refusal, instead selling the Property to Desert Canyons Development Inc. and DSG Holdings LLC (collectively, Purchaser).

¶5     In February 2019, Cardiff filed suit against WCSD and Purchaser. Cardiff brought a single claim for declaratory judgment, asserting that it had a right of first refusal under Utah Code section 78-34-20 and that the sale to Purchaser should be set aside. WCSD moved to dismiss the complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing Cardiff had not alleged that WCSD acquired the Property under threat of condemnation as defined by the statute. The district court granted the motion and dismissed the case.

¶6     Cardiff appeals.

ISSUE AND STANDARDS OF REVIEW

¶7     Cardiff's appeal boils down to whether the district court interpreted Utah Code section 78-34-20 correctly in dismissing its claim. "We review a decision granting a motion to dismiss for correctness," *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 5, 460 P.3d 565 (cleaned up), and also review the district court's interpretation of a statute for correctness, *see Bilanzich v. Lonetti*, 2007 UT 26, ¶ 10, 160 P.3d 1041.

ANALYSIS

¶8     "To survive a motion to dismiss, the complaint must allege facts sufficient to satisfy each element of a claim, otherwise the plaintiff has failed to show that he is entitled to

relief." *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 6, 460 P.3d 565 (cleaned up). In this case, to state a claim for declaratory relief that Cardiff has a right of first refusal in the Property pursuant to Utah Code section 78-34-20, Cardiff must allege facts sufficient to show that the Property was acquired either by condemnation or under threat of condemnation. *See* Utah Code Ann. § 78-34-20 (LexisNexis 2007). Here, "[t]he parties agree that the Property was not acquired 'through an eminent domain proceeding.'" But Cardiff asserts that the complaint alleges that the Property was acquired under threat of condemnation, as contemplated by section 78-34-20. We disagree.

¶9      Utah Code section 78-34-20 provides in relevant part:

> (1) As used in this section, "condemnation or threat of condemnation" means:
>     (a) acquisition through an eminent domain proceeding; or
>     (b) an official body of the state or a subdivision of the state, having the power of eminent domain, has specifically authorized the use of eminent domain to acquire the real property.
> (2) If the state or one of its subdivisions, at its sole discretion, declares real property that is acquired through condemnation or threat of condemnation to be surplus real property, it may not sell the real property on the open market unless:
>     (a) the real property has been offered for sale to the original grantor, at the highest offer made to the state or one of its subdivisions with first right of refusal being given to the original grantor . . . .

*Id*. Cardiff's assertion that the complaint alleges that WCSD acquired the Property under threat of condemnation is based on WCSD's statements that it would use its eminent domain powers to acquire the Property if necessary. But those

allegations do not satisfy section 78-34-20's definition of acquisition under "threat of condemnation."[3]

¶10 "When interpreting statutes, our primary objective is to give effect to the legislature's intent." *Harold Selman, Inc. v. Box Elder County*, 2011 UT 18, ¶ 18, 251 P.3d 804 (cleaned up). "To discern legislative intent, we look first to the statute's plain language." *Id.* (cleaned up). "We read the plain language of the statute as a whole and interpret its provisions in harmony with other statutes in the same chapter." *Id.* (cleaned up). "When the plain meaning of the statute can be discerned from its language, no other interpretive tools are needed." *Id.* (cleaned up).

¶11 Section 78-34-20's plain language defines when property is acquired under "condemnation or threat of condemnation."

---

3. In an attempt to bolster its argument, Cardiff cites an IRS publication indicating, "A threat of condemnation exists if a representative of a government body or a public official authorized to acquire property for public use informs you that the government body or official has decided to acquire your property. You must have reasonable grounds to believe that, if you do not sell voluntarily, your property will be condemned." IRS Pub. No. 544, Sales and Other Dispositions of Assets (2018). The 2007 publication uses the same language. *See id.* (2007). But, as we have pointed out, our legislature has specifically defined the term at issue in the statute, and we need not look to outside sources to understand our legislature's intent. *See Harold Selman, Inc. v. Box Elder County*, 2011 UT 18, ¶ 18, 251 P.3d 804 ("When the plain meaning of the statute can be discerned from its language, no other interpretive tools are needed." (cleaned up)).

Additionally, we note that these definitions do not have to be mutually exclusive. Rather, each definition may have application within the text in which it is laid forth. And here, where we are interpreting the Utah Code, the Utah Code's provided definition controls.

Utah Code Ann. § 78-34-20(1). The provided definition comprises two distinct parts. Subsection (1)(a) clearly comports with acquisition by "condemnation." *See id*. Subsection (1)(b) comports with acquisition by "threat of condemnation." *See id.* Thus, the statute's plain language provides that property is acquired under "threat of condemnation" when "an official body of the state or a subdivision of the state, having the power of eminent domain, *has specifically authorized the use of eminent domain* to acquire the real property." *Id.* (emphasis added).

¶12    Cardiff argues that the complaint "alleges sufficient facts to support a reasonable inference that [WCSD] authorized its representatives to threaten to use the power of eminent domain." But in so doing, Cardiff fails to give due meaning to the requirement that the use of eminent domain be "specifically authorized." *See id.* In 2007, Utah Code section 78-34-4[4] governed the process to specifically authorize eminent domain's use, providing that "[p]roperty may not be taken by a political subdivision of the state unless the governing body of the political subdivision approves the taking," *id.* § 78-34-4(2)(b)—i.e., specifically authorizes it. That specific authorization or approval was by final vote of the governing body, before which the body had to "provide written notice to each owner of property to be taken of each public meeting . . . at which a vote on the proposed taking is expected to occur." *Id.* § 78-34-4(2)(c); *see also id.* § 78-34-4.5 (LexisNexis 2007)[5] ("Each person who seeks to acquire property by eminent domain or who intends to use eminent domain to acquire property if the property cannot be acquired in a voluntary transaction shall: . . . before taking a final vote to approve the filing of an eminent domain action, make a reasonable effort to negotiate with the property owner

---

4. Utah Code section 78-34-4 has since been renumbered as section 78B-6-504. H.B. 78, 57th Leg., 2008 Gen. Sess. (Utah 2008).

5. Utah Code section 78-34-4.5 has since been renumbered as section 78B-6-505. H.B. 78, 57th Leg., 2008 Gen. Sess. (Utah 2008).

for the purchase of the property . . . ."). Accordingly, it is only after a final vote, and the use of eminent domain powers thereby approved, that eminent domain's use has been "specifically authorized" as contemplated by section 78-34-20. *See id.* §§ 78-34-20(1)(b), -4(2), -4.5.[6]

¶13    Accordingly, to survive the motion to dismiss under the theory that WCSD acquired the Property by threat of condemnation, Cardiff must allege that WCSD voted and approved the use of its eminent domain power to acquire the Property. And as the district court determined—and Cardiff does not challenge—"there is no claim of any vote to specifically approve the filing of an eminent domain action in court." Because Cardiff made no allegation that a final vote was taken and the use of eminent domain powers approved in the complaint, the district court correctly dismissed the complaint for failure to state a claim upon which relief can be granted.[7]

---

6. Cardiff suggests that the conclusion we reach means that "a landowner who has been threatened with condemnation must force the condemning agency to perform all steps to initiate an eminent domain action if it wants to preserve a right of first refusal in the property." If a landowner wants to secure the statutory right of first refusal, Cardiff is correct. But a landowner is not limited to that course of action; it can instead negotiate for a contractual right of first refusal as part of a voluntary transaction.

7. Cardiff also argues on appeal that, based on WCSD's statements, WCSD is estopped from claiming it acquired the Property without threat of condemnation. "There are three elements to estoppel: (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first

(continued…)

CONCLUSION

¶14   Cardiff's complaint does not allege the Property was acquired under threat of condemnation, as defined by Utah Code section 78-34-20, and the district court correctly dismissed it for failure to state a claim upon which relief can be granted.

¶15   Affirmed.

_____

(…continued)

party to contradict or repudiate such admission, statement, or act." *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 35, 368 P.3d 846 (cleaned up). But this argument, like the argument addressed in the body of this opinion, relies on a definition of "threat of condemnation" that is beyond that provided in the statute, and it therefore fails to satisfy the first requirement.