**2021 UT App 102**

## THE UTAH COURT OF APPEALS

CALINDY H. HAYDEN,
Appellant,
*v.*
BURT & PAYNE PC AND
THE BURT & PAYNE HEALTH BENEFITS PLAN,
Appellees.

Opinion
No. 20200345-CA
Filed September 30, 2021

Third District Court, Salt Lake Department
The Honorable Kara Pettit
No. 190907378

James L. Harris, Attorney for Appellant

Bruce C. Burt and Clifford J. Payne,
Attorneys for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

HAGEN, Judge:

¶1 Calindy H. Hayden appeals the district court's dismissal of her complaint against her former employer, Burt & Payne PC, and the Burt & Payne Health Benefits Plan (collectively, B&P) for failing to notify her of her right to extend her group insurance coverage within thirty days after the termination of her employment. The district court ruled that Utah's mini-COBRA statute does not create a private cause of action and dismissed the complaint for failure to state a claim. We agree with the district court and affirm.

BACKGROUND[1]

¶2 Burt & Payne employed Hayden from February 2018 until her termination in July 2018. During that time, Hayden participated in its group insurance plan and received the commensurate benefits. Both parties acknowledge B&P falls under Utah's mini-COBRA statute, Utah Code section 31A-22-722, which, among other things, directs employers to notify terminated employees of their right to extend their group insurance coverage and the payment amounts required to do so. *See* Utah Code Ann. § 31A-22-722(3)(a) (LexisNexis Supp. 2021).[2]

¶3 A few months after her termination, Hayden underwent emergency gallbladder surgery. At the time of the surgery, she was uninsured and incurred approximately $60,000 in medical bills.

¶4 Hayden subsequently filed a complaint against B&P seeking her medical expenses as well as attorney fees and other costs she incurred. Hayden claimed B&P did not notify her of her right to extend her group benefits within thirty days of her termination as required by the mini-COBRA statute. Rather, she contended, B&P emailed her attorney four days after the deadline, on August 8, 2018, confirming that her insurance

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 2 n.2, 460 P.3d 565 (cleaned up).

2. We cite the current version of the Utah Code because there have been no substantive changes to the relevant statute since the events that precipitated this action.

coverage had lapsed on July 5, 2018, but still did not give appropriate statutory notice of her right to continued coverage. She claims she did not receive the required notice until February 2019, at which time she attempted to elect continued coverage but was declined.

¶5    B&P filed a motion to dismiss Hayden's complaint for failure to state a claim upon which relief can be granted. *See* Utah R. Civ. P. 12(b)(6). The district court ruled,

> looking at the language of the statute, the entire chapter as well as this particular [s]ection, 722, that there is not an implied cause of action set forth in here. . . . [I]f the legislature wants to have a remedy for this, . . . they certainly could impose one, similar to the provision found in the federal act, and it just did not.

Accordingly, the district court dismissed the complaint with prejudice. Hayden timely appeals.

ISSUE AND STANDARD OF REVIEW

¶6    Hayden claims that the district court erred in granting B&P's motion to dismiss her complaint for failure to state a claim upon which relief can be granted. Hayden's claim is based on the contention that "the lower court should have inferred a private cause of action from Utah's mini-COBRA statute" and should have found B&P financially liable for her incurred medical bills based on that private cause of action. "We review a decision granting a motion to dismiss for correctness, granting no deference to the decision of the district court." *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 5, 460 P.3d 565 (cleaned up). "Whether a particular statute provides a private right of action is a question of statutory interpretation, which we

review for correctness." *Conner v. Department of Com.*, 2019 UT App 91, ¶ 14, 443 P.3d 1250 (cleaned up).

ANALYSIS

¶7     The district court did not err in granting B&P's motion to dismiss because, even accepting all of the allegations in Hayden's complaint as true, the complaint did not state a claim upon which relief could be granted. *See* Utah R. Civ. P. 12(b)(6). Hayden concedes that the mini-COBRA statute does not expressly create a private cause of action, but she contends the district court should have inferred a private cause of action because if no penalties "flow from" B&P's failure to provide Hayden with notice of her right to extend coverage, then "Utah's mini-COBRA statute has no meaning."

¶8     "A private statutory right of action exists when a private party can bring a lawsuit for relief from injuries caused by another's violation of a . . . statute." *Buckner v. Kennard*, 2004 UT 78, ¶ 37, 99 P.3d 842 (cleaned up). To determine whether a statute creates a private right of action, "we look first to the plain language of the statute for an express indication that a private right of action was intended." *Conner v. Department of Com.*, 2019 UT App 91, ¶ 27, 443 P.3d 1250 (cleaned up). Absent such "specific direction from the legislature," we "are not generally in the habit of implying a private right of action based upon state law." *Id.* (cleaned up); *see also Buckner*, 2004 UT 78, ¶ 43 ("Utah courts have rarely, if ever, found a Utah statute to grant an implied private right of action.").

¶9     Utah's mini-COBRA statute generally requires an employer's group insurance policy to offer extended coverage to a terminated employee for a period of twelve months. Utah Code Ann. § 31A-22-722(1) (LexisNexis Supp. 2021). The statute places the burden on the employer to notify the terminated employee "in writing of the right to extend group coverage and

the payment amounts required for extension of coverage, including the manner, place, and time in which the payments shall be made." *Id.* § 31A-22-722(3)(a). The notice must "be sent [by] first class mail within 30 days after the termination date of the group coverage to . . . the terminated insured's home address as shown on the records of the employer." *Id.* § 31A-22-722(3)(b). But the plain language of the statute contains no express indication that the legislature intended to create a private right of action against an employer for failure to comply with this provision.

¶10 Hayden agrees, but argues that we should look beyond the statute's plain language to infer a private right of action because of the public policy implications of employers neglecting their duty to notify under the mini-COBRA statute. Yet even in the face of much stronger public policy arguments than this one, we have eschewed the temptation to read in such a right, explaining that "even where there is a strong public policy, as in discrimination, the legislative body retains the right to specify the remedies and course of action available for violations of a statute it has enacted to pursue such policy." *Conner*, 2019 UT App 91, ¶ 30 (cleaned up). If public policy considerations demand a remedy when an employee does not receive the statutorily required notice, the legislature can create a private cause of action or other enforcement mechanism. It has chosen not to do so.

¶11 Hayden further argues that "Utah's mini-COBRA statute has no meaning" if no penalties "flow from" an employer's violation of its notice provision. But "[m]any statutes do not provide a private right to sue in court." *Buckner*, 2004 UT 78, ¶ 37 (cleaned up); *see, e.g.*, *J.H. ex rel. D.H. v. West Valley City*, 840 P.2d 115, 125 (Utah 1992) (declining to infer "a private right of action for failure to follow any specific procedure in hiring police officers" provided by statute). And "[a] statute's mere prohibition of a certain act does not imply creation of a private

right of action for its violation." *Conner*, 2019 UT App 91, ¶ 27 (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 313 (2012)). Where the legislature has not expressly stated such a private right of action, that right must be "clearly implied from the text" in order for courts to recognize it. *See id.* (cleaned up). We see no such implication here.

¶12 To the contrary, the statute specifically contemplates the situation in which an employer fails to properly notify an employee of the right to coverage and yet does not suggest that a private right of action exists. The statute provides that, if "the employer policyholder does not provide the terminated insured the written notification required by Subsection (3)(a)," the insurer must still allow the employee to extend coverage if the employee "contacts the insurer within 60 days of coverage termination." Utah Code Ann. § 31A-22-722(4). In other words, even if the employer fails to give the required notice, the employee can contact the insurance company directly within sixty days of termination to elect extended coverage. Thus, the statute envisions that an employee, who is undoubtedly aware of her termination and the impending cancellation of her insurance coverage, will have an opportunity to obtain the continued coverage afforded by statute even if the employer has neglected its duty. A private cause of action cannot be clearly implied from the text where the legislature provided a procedure for obtaining coverage in the absence of the required notice but chose not to include the right to sue the employer for economic damages allegedly flowing from that violation.[3]

---

3. If we find no statutory remedy here, Hayden urges us to find an equitable one. We do not undertake that analysis because Hayden's complaint did not include a claim for equitable relief. As the district court noted, "the sole cause of action" Hayden

(continued…)

CONCLUSION

¶13   Because the mini-COBRA statute does not contain either an express private cause of action or a textual basis for concluding that one is clearly implied, we agree with the district court that Hayden's complaint fails to state a claim upon which relief can be granted. Therefore, we affirm the district court's order dismissing Hayden's complaint.

————————

(…continued)

pled in her complaint was for B&P's alleged failure to provide notice as required by the mini-COBRA statute.