2024 UT App 99

## THE UTAH COURT OF APPEALS

DAWN VITTORIA,
Appellant,
*v.*
PROVO CITY,
Appellee.

Opinion
No. 20220659-CA
Filed July 18, 2024

Fourth District Court, Spanish Fork Department
The Honorable Jared Eldridge
No. 220300023

T.C. Taylor and Peter Lattin, Attorneys for Appellant

J. Brian Jones and Gary D. Millward,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JOHN D. LUTHY
concurred.

MORTENSEN, Judge:

¶1    Dawn Vittoria slipped and fell on a sidewalk owned by Provo City (the City). She subsequently made a claim against the City and later filed suit in district court. The City moved to dismiss. The district court concluded that Vittoria's complaint was untimely under the Governmental Immunity Act of Utah (the GIAU) and dismissed Vittoria's complaint with prejudice. Vittoria appeals, and we affirm.

## BACKGROUND[1]

¶2    On July 11, 2019, while walking along a sidewalk owned by the City, Vittoria tripped and suffered an injury. The fall occurred when Vittoria caught her foot on a "height differential of several inches between two" slabs of concrete. This defect had existed for at least a year prior to the incident, which led Vittoria to assert that the City "knew or should have known" about its presence.

¶3    In March 2020, Vittoria filed a notice of claim. The City did not process the claim until after receiving a calculation of the damages sought, which Vittoria submitted in December 2020. In February 2021, in a letter to Vittoria, the City denied liability but made a settlement offer of $13,800 "as a courtesy to a Provo citizen without any admission of fault." The assistant city attorney signed the letter. Vittoria did not accept the offer.

¶4    A year later, in February 2022, Vittoria filed suit in district court. The City responded by filing a motion to dismiss the case, *see generally* Utah R. Civ. P. 12(b)(6), as untimely under the requirements of the GIAU. Following additional briefing and oral argument, the district court granted the City's motion and dismissed the case with prejudice as time-barred.

## ISSUE AND STANDARD OF REVIEW

¶5    Vittoria argues on appeal that the district court erred when it dismissed her claim as untimely under the GIAU. "Because a

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Haynes v. Department of Public Safety*, 2020 UT App 19, n.2, 460 P.3d 565 (cleaned up).

trial court's grant or denial of a motion to dismiss is a question of law, the standard of review is correctness," with no deference to the court's decision. *Moulding Invs., LLC v. Box Elder County*, 2024 UT App 23, ¶ 21, 545 P.3d 781 (cleaned up).

## ANALYSIS

¶6 Under the GIAU, an individual with a claim against a governmental entity must file a notice of claim "within one year after the claim arises." Utah Code § 63G-7-402. Sixty days after a notice of claim is filed, an individual is free to "pursue an action in the district court against the governmental entity." *Id.* § 63G-7-403(2)(a). However, that action must be "commence[d] . . . within two years after the claim arises." *Id.* § 63G-7-403(2)(b).[2]

¶7 Though Vittoria filed a timely notice of claim with the City, she did not file an action in the district court until February 2022, over two and a half years after her claim arose in July 2019. Because Vittoria's claim was over six months past the GIAU deadline when she filed it, her claim is untimely, and the district court appropriately dismissed her claim under rule 12(b)(6) of the Utah Rules of Civil Procedure.

¶8 Vittoria, however, argues that the GIAU conflicts with Utah Code section 78B-2-303, which states, "Actions on claims against a county, city, or incorporated town, which have been rejected by the county executive, city commissioners, city council, or board of trustees shall be brought within one year after the first

---

2. The GIAU includes a savings provision that is inapplicable here. *See* Utah Code § 63G-7-403(3)(b) (allowing a claimant to commence an action after the time limit if (1) the action was originally commenced on time, (2) the action failed or was dismissed for reasons other than the merits, and (3) the new action is commenced within one year of the previous action's failure or dismissal).

rejection." Vittoria contends that the two statutes "conflict any time a city denies a claim one year after the incident giving rise to a lawsuit"—which is, as she argues, what happened here. Vittoria argues that in granting the City's motion to dismiss, the district court failed to "harmonize" the GIAU and section 78B-2-303. Vittoria views this issue as a matter of first impression, but it is not.

¶9    The legislature expressly stated that the GIAU is a "comprehensive chapter" applying to "all functions of government" and governing "all claims against governmental entities." *Id.* § 63G-7-101(2). Our supreme court has "consistently required strict compliance with the requirements of the [GIAU]." *Rushton v. Salt Lake County*, 1999 UT 36, ¶ 19, 977 P.2d 1201. In *Craig v. Provo City*, 2016 UT 40, 389 P.3d 423, like here, a tort suit under the GIAU was brought against the City. *Id.* ¶ 1. When initially filed, the suit was timely but was dismissed because the "plaintiffs failed to submit an 'undertaking' or bond as required by statute." *Id.* When the plaintiffs refiled, they had surpassed the one-year filing deadline required by the GIAU. *Id.* (citing Utah Code § 63G-7-402). The plaintiffs argued that their claim was in fact timely by invoking Utah Code section 78B-2-111, known as the Savings Statute. *Id.* Our supreme court considered whether the time-bar provision of the GIAU, the same one at issue here, foreclosed the Savings Statute. *Id.* ¶ 2. The court determined that the GIAU did in fact foreclose the Savings Statute because the GIAU "speaks *comprehensively* on the procedure and requisite timing of a claim filed against the government." *Id.* ¶ 18 (emphasis added). The court explained that the GIAU is "all-encompassing *on the matters that it regulates in comprehensive detail*," which includes "actions for which the government has waived its immunity" and the "manner and means by which a plaintiff may pierce through such immunity." *Id.* ¶ 22. On those matters, the court construed the GIAU "as speaking *comprehensively* in the sense of foreclosing the application of other laws regulating claims against non-governmental parties." *Id.* The court reasoned

that, among other things, the GIAU "speaks in careful detail . . . on the timing requirements" of both filing a notice of claim with a governmental entity and initiating an action in court after such claim is denied. *Id.* ¶ 23. The court concluded that the GIAU's "filing and timing standards are presented in such detail that [it] view[s] them as occupying the field." *Id.* ¶ 26.

¶10    While Vittoria is correct in her assertion that *Craig* did not address the exact section of the Utah Code at issue here, the parallels to her case are undeniable, and *Craig* compels our affirmance here. As in *Craig*, the issue here is whether or not another section of the Utah Code supersedes the timing standards of the GIAU, which require—beyond filing a notice of claim within a year—a claim to be brought in district court within two years after the claim arises. *See* Utah Code § 63G-7-403(2)(b). Vittoria argues that her claim was in fact timely, despite the GIAU, by invoking section 78B-2-303, which allows claims against a city to be "brought within one year after the first rejection." *Id.* § 78B-2-303. Just as in *Craig*, the heart of this argument concerns the timing of filing a claim under the GIAU, a matter that our supreme court has unquestionably determined the GIAU "speaks comprehensively" on. 2016 UT 40, ¶ 18.

¶11    The court in *Craig* explained that the GIAU is "all-encompassing *on the matters that it regulates in comprehensive detail*," such as the requisite timing of filing a claim against the government. *Id.* ¶ 22. Our supreme court decisively explained that on these matters, the GIAU speaks "*comprehensively* in the sense of foreclosing the application of other laws regulating claims against non-governmental parties." *Id*. It is true that the Savings Statute in *Craig* didn't specifically address governmental entities, while the statute at issue here does. However, it is evident that section 78B-2-303 still does not apply, given our supreme court's emphatic declaration that the GIAU "speaks in careful detail . . . on the timing requirements" of both filing a notice of claim with a governmental entity and initiating an action in court against that

entity, and that because of that detail, the GIAU preempts other statutes addressing timing requirements. *Id.* ¶ 23. Thus, even that difference between *Craig* and the case before us is not enough to overcome our supreme court's conclusion that the GIAU's "filing and timing standards are presented in such detail that" they "occupy[] the field."[3] *Id.* ¶ 26.

¶12   What is more, without the GIAU, Vittoria would have no claim at all against the City because it is only through the GIAU's waivers of governmental immunity that she is able to pursue such a suit. *See Kerr v. City of Salt Lake*, 2013 UT 75, ¶¶ 12–16, 322 P.3d 669 (holding that the maintenance of public sidewalks is a governmental function subject to the GIAU). Vittoria cannot invoke the GIAU with one hand to pursue her claim while disavowing the GIAU with the other hand in order to maintain her claim's timeliness.

¶13   When interpreting a statute, our supreme court has instructed that our "primary goal" is to "evince the true intent and purpose of the legislature as expressed through the plain language" of the statute and to "render all parts thereof relevant and meaningful." *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 15, 24 P.3d 958 (cleaned up). In doing so, we are to "avoid interpretations that will render portions of a statute superfluous or inoperative." *Id.* Here, the legislature very clearly expressed its

---

3. To further underscore that the GIAU preempts the field, the legislature amended the GIAU—just a year after our supreme court's decision in *Craig v. Provo City*, 2016 UT 40, 389 P.3d 423—by adding, as mentioned in note 2, a savings provision, *see* Act of Mar. 9, 2017, ch. 300, § 4, 2017 Utah Laws 1463, 1464–65. The legislature could have amended the Savings Statute with language making clear that it applied despite the GIAU, but the legislature instead amended the GIAU—highlighting that the GIAU is indeed intended to be "comprehensive." Utah Code § 63G-7-101(2).

intent that the GIAU is a "comprehensive chapter" that applies to "all functions of government" and governs "all claims against governmental entities." Utah Code § 63G-7-101(2). The legislature's mandate that it apply to "*all claims* against governmental entities" must include Vittoria's claim as her claim can only be brought under the GIAU. *Id.* (emphasis added). Vittoria's assertion that the two statutes must be harmonized is well-taken, but her proposed method for harmonizing them—i.e., by allowing section 78B-2-303 to trump section 63G-7-101(2) when a county, city, or incorporated town first rejects a claim more than two years after the claim arises—would render the GIAU's statute of limitations "superfluous or inoperative" in such instances, while acting in direct violation of the GIAU's plain language that it be applied comprehensively. *Hall*, 2001 UT 34, ¶ 15.

¶14　Instead of Vittoria's proposed approach, the two statutes can be readily harmonized based on our supreme court's determination in *American Tierra Corp. v. City of West Jordan*, 840 P.2d 757 (Utah 1992), that section 78B-2-303[4] does not apply to claims seeking damages in law. *Id.* at 761. There the court explained that the GIAU "sets time limits within which a notice of claim and an action itself may be filed against a governmental entity" but acknowledged that equitable claims are a common law exception to this requirement. *Id.* at 759. Under this framework, the court determined that section 78B-2-303 does not apply to suits that sound in law but may apply to those sought in equity. *Id.* at 761. Thus, the two statutes do not conflict with one another, and neither of them is superfluous; instead, the statutes apply in different scenarios and thereby work in harmony. As Vittoria's

---

4. The court in *American Tierra Corp. v. City of West Jordan*, 840 P.2d 757 (Utah 1992), was discussing Utah Code section 78-12-30 (1992), which was later renumbered in 2008 as section 78B-2-303. *Id.* at 761; *see* Act of Jan. 31, 2008, ch. 3, § 667, 2008 Utah Laws 48, 394. The two statutes have nearly identical language.

claim sounds in law, rather than equity, section 78B-2-303 simply does not apply here.

¶15   Vittoria further argues that "one of the major points of the GIAU is to give a governmental entity an opportunity to attempt to resolve a claim before suit is filed." Vittoria explains that delays in her providing information regarding the damages she sought and the City's delay in providing information in return were "undoubtedly exacerbated by the COVID-19 pandemic occurring at the same time." Vittoria argues that an "open-ended deadline for a governmental entity without a similar set-off or benefit for the claimant is inequitable" and further emphasizes why we should "harmonize" the GIAU and section 78B-2-303. Vittoria would have us view the two sections of the code as working in tandem. She argues that section 78B-2-303 "would and should operate as both an enlargement of rights under the GIAU, as well as a tool by which the government may shorten their window of exposure." As an example, she explains that in her case her notice of claim was timely submitted but she did not receive a denial of the claim until ten months later. Thus, if section 78B-2-303 applied, it would enlarge her rights by providing her with an additional year to file the claim from the date of denial, rather than the two years from the date of the claim arising under the GIAU. But, as Vittoria contends, if the City had denied her notice of claim within a week, for example, section 78B-2-303 would shorten her rights as it would require her to file a claim a year from that denial—a date before the deadline required under the GIAU.

¶16   We find this argument unconvincing because of the timing in which the GIAU allows a claimant to file a claim with the district court. Vittoria was aware that the GIAU was the controlling law when she filed her notice of claim, as evidenced by her notice itself. Her notice of claim stated that it was "given pursuant to the provisions of Utah Code Title 63G, Chapter 7, including § 63G-7-401." And the notice continued that the claim

was appropriate pursuant to Utah Code section 63G-7-301 because a city "waives immunity for an injury caused by a defective, unsafe, or dangerous condition on its sidewalks," such as the "height differential" Vittoria tripped over. Under the GIAU, Vittoria was free to file her claim with the district court sixty days after she filed the notice of claim with the City in March 2020—even before receiving the City's denial of liability or settlement offer. *See* Utah Code § 63G-7-403(2)(a). Vittoria took no such action until February 2022, at which point she was more than six months too late. *See id.* § 63G-7-403(2)(b). The GIAU does not prevent claimants from pursuing their claims, regardless of the speed, or lack thereof at times, with which the government responds to a notice of claim. Vittoria had leave to file her claim well before—in fact, years before—her time expired under the GIAU, and she did not do so.

## CONCLUSION

¶17    For the foregoing reasons, section 63G-7-403(2) of the GIAU occupies the field, and section 78B-2-303 does not apply to Vittoria's claim. The district court acted correctly when it dismissed Vittoria's claim as time-barred. Accordingly, we affirm.

—————